CATON N. USHER ET UX. v. SCHUYLER B. SKIDMORE ET UX.

The plaintiffs brought their suit for a malicious prosecution against a husband and wife, and in their petition alleged that "the defendants" made the affidavit for the arrest which constituted the *gravamen* of the action. At the trial the plaintiffs offered in evidence the affidavit, but it appeared on investigation to have been made by only one of the defendants, and, on objection, it was excluded by the court. The plaintiffs amended by leave of the court, and alleged the affidavit to have been made by the defendant whose name appeared to it, instead of by both defendants, as alleged in the petition. Thereupon the defendants, treating the amendment as a new cause of action, plead in bar of it the statute of limitation of twelve months. (Paschal's Dig., Art. 4604, cl. 2.) Proceeding with the trial, the plaintiffs again offered in evidence the affidavit, but it purported on its face to have been made more than twelve months previous to the amendment, and on objection by the defendants, based on their plea of limitation, it was again excluded by the court: *Held*, that the amended petition did not introduce a new cause of action, but merely corrected an inaccurate averment of an immaterial fact unnecessarily alleged in the original petition.

In suits for a malicious prosecution, the cause of action consists, not in the affidavit to obtain a warrant of arrest, but in the arrest and confinement under the charge of felony preferred, and the cause of action is not complete until the discharge of the accused.

In an action for a malicious prosecution, the facts about the arrest may be proved by other evidence than the affidavit, and all participants in the arrest are liable to the action.

ERROR from Collin. The case was tried before Hon. R. L. WADDILL, one of the district judges.

Caton N. Usher and his wife, Sarah A. G. Usher, brought this suit, on the 12th of March, 1860, against S. B. Skidmore and his wife, Sarah Skidmore. The suit was an action for damages incurred by reason of the arrest and imprisonment of the plaintiff, Sarah, on a charge of theft. The original petition represented that the defendants "did, without any just or probable cause, on the 25th day of January, A. D. 1860, complain and swear before John L. Lovejoy, a justice of the peace for the said county of Collin, against the said S. A. G. Usher, that she had stolen from said defendants one gold breastpin of the value of $15, and also a small amount of money." The petition proceeded to allege the arrest of the plaintiff, Sarah, on the said 25th of January, 1860, and her confinement until the 28th of the same month, when she was discharged in consequence of the non-appearance of the defendants to prosecute the charge. The plaintiffs laid their damages at $10,000.

The defendants plead a general denial.

The cause came to trial at the February term, 1861. The plaintiffs introduced Lovejoy, the justice of the peace, who testified that an affidavit for the arrest of the plaintiff, Sarah Usher, was made before him by the defendant, Sarah Skidmore. The plaintiffs here offered in evidence the affidavit on which the warrant for the arrest of the plaintiff, Sarah, was issued. It was made by Sarah Skidmore, one of the defendants, on the 25th of January, 1860,

and alleged that the property was taken from the possession of the affiant. The defendants objected to the admission of the affidavit on the ground of variance, in that there was no allegation in the petition that would allow its introduction, and the objection was sustained by the court. Thereupon the plaintiffs asked leave to amend, to which the defendants objected that it was too late. (Paschal's Dig., Art. 54, Note 243.) The leave, however, was granted, the defendants excepting. The plaintiffs amended, by alleging that the affidavit referred to in their original petition was made by the defendant, Sarah Skidmore, wife of the other defendant, and they annex it, and ask that this amendment be taken as part of the original petition.

The defendants, for answer to the amended petition, plead that the cause of action accrued more than twelve months previous to the amendment, and was, therefore, barred by the statute of limitation of twelve months.

The plaintiffs offered the affidavit in evidence a second time, when the defendants objected to its admission, "because the cause of action was barred by the statute of limitation," and the court sustained the objection, and again excluded the affidavit, the plaintiffs excepting thereto.

Verdict and judgment for the defendants. The plaintiffs moved for a new trial, assigning for cause the exclusion of the affidavit when offered before and after the amendment. The motion was overruled.

*John C. Easton,* for plaintiffs in error.—I. The action was brought against S. B. and Sarah Skidmore, as husband and wife, for an injury done by the wife alone. The husband was a necessary party.

II. The right to amend is addressed, under the law, to the sound discretion of the court, and will not in general be revised by this court. (Matossy v. Frosh, 9 Tex., 610; Cartwright v. Chabet, 3 Tex., 261.)

III. The amendment did not set up any new cause of

action, but only corrected the averment in the original petition as to the making of the affidavit, and the statute of limitation did not apply. The cause of action was the false imprisonment, which is alleged to have occurred less than one year before the suit was brought. The affidavit was one of the means by which Mrs. Usher was restrained of her liberty.

The affidavit is not the thing declared upon, as intimated by the appellees, but only referred to as a part of the outrages that the wife of defendant, Skidmore, resorted to to oppress the plaintiff.

IV. If I am right in the position here assumed, then the court erred in ruling out the affidavit, both before and after the amendment was made.

V. The statute of limitation could not avail as a defense, unless the court shall decide that the amendment set up a new cause of action, which was barred by the statute of limitation at the time the amendment was filed.

*S. B. Skidmore*, for defendants in error.—The first error complained of is, "that the court erred in ruling out the affidavit of Sarah Skidmore, as appears in the bill of exceptions, both before and after plaintiffs had amended their petition." By reference to the bill of exceptions and the statement of facts filed in this cause, it will be observed that the court did not err in ruling out the affidavit at either time at which it was offered. The petition states that the defendants made the complaint, were sworn to it, and signed it; and in proof of this allegation the plaintiffs offered in evidence an affidavit sworn to by Sarah Skidmore, which was excepted to by the defendants, and the exception sustained, for the reason that the affidavit offered in evidence upon the trial was not the affidavit declared upon in the petition. Certainly, at this late day, the well-established doctrine, that the allegations in the pleadings

and the proof must correspond, will not be assailed. There was no error in the first ruling of the court.

Attention is asked to the bills of exception of the defendants, as they were filed in order of time prior to the amendment, and, as the court will perceive, were ruled upon before the amendment by the plaintiffs. This is an exception taken by the defendants to the action of the court permitting the amendment to be made by the plaintiffs. The plaintiffs asked leave to amend the petition, which was granted by the court and excepted to by the defendants. This was done, as appears by the statement of facts and the exception of the defendants, after the plaintiffs had announced themselves ready for trial; after one witness was introduced, sworn, and partially examined; and after the plaintiffs offered the affidavit of Sarah Skidmore in evidence upon the trial, and the action of the court thereon. This, we think, should be an end of the case, as the plaintiffs could not proceed in this action without an affidavit corresponding to the one declared upon in the petition; at all events, we conclude the court erred in permitting the amendment. If so, the only question in the record is the first ruling of the court. "The pleadings in all suits may be amended under the direction of the court, and upon such terms as it may prescribe, at any time before the parties announce themselves ready for trial, and not thereafter." (O. & W. Dig., Art. 434.) If an amendment is not asked before the trial is gone into, the judge has no discretion; he has no legal authority to allow it to be then done. This is directly in point; and upon the same statute, see Love & Chappell v. McIntyre, 3 Tex., 13.

The second error complained of is, "the court erred in sustaining the plea of one year's limitation to plaintiffs' cause of action." This assignment proceeds upon the hypothesis, that the court had the lawful right to permit

the amendment excepted to in the bill of exceptions of the defendants, as the plea of the statute of limitation was filed as a consequence of the filing of the amended petition. No objection was taken to the plea in form or substance; the only objection being to the action of the court thereon. The amendment materially changed the action, in this, that the proof offered, and without which the suit could not proceed, was rejected by the court, for the reason that there was no allegation in the original petition to allow its introduction. The amendment sought to cure this defect, and in so doing set up a different action, in fine, a new action, consisting of different parties and totally different evidence. Then, if there were any cause of action before the court, it must be contained in the amended petition, and as such would be obnoxious to the plea of the statute of limitation. The statute of limitation, when plead, must be proved as any other fact. In this case the proof was before the court; the petition shows that the cause of action accrued to the plaintiffs on the 28th day of January, 1860, and the cause of action filed on the 19th of February, 1861. Those facts being apparent from the record, there was no error in sustaining the plea of the statute of limitation.

SMITH, J.—If the amended petition filed by the plaintiff below, on the 19th February, 1861, did introduce a new and distinct cause of action from that originally sued upon, we are not satisfied that the court erred in ruling out the affidavit, and holding that the plaintiffs' cause of action was barred by the twelve months' limitation. (O. & W. Dig., Art. 1333; 7 Tex., 489; 8 Id., 225; Id., 427; 10 Id., 74; Paschal's Dig., Art. 54, Note 243, p. 108.)

But we are of opinion it did not introduce a new cause of action, and was only an amendment of an inaccurate averment of a fact set up in the original petition. (4 Tex., 427; 9 Id., 379; Id., 553; 10 Id., 155.) The affidavit that

was in part misdescribed in the original petition did not constitute the plaintiffs' cause of action, for if that had been all that was done by the defendants, and the prosecution had gone no further, there would have been no cause of action for a malicious prosecution. The cause of action consisted in the injury she sustained by the arrest and confinement in custody under the charge of felony, which cause of action could not be complete until the discharge by the justice of the peace, on the 28th January, 1860. We do not deem the averment respecting the affidavit at all material, for it only constituted evidence in behalf of the plaintiffs, which they were not bound to set forth in their pleadings, to prove the fact that the prosecution was instituted at her instance. That fact might be proved as well by other evidence, for all persons who co-operated with her in setting the prosecution on foot, if without probable cause, would be liable equally with the one who made the affidavit in pursuance of which the warrant of arrest was issued.

We are of opinion the court erred in its ruling in respect to limitation and the affidavit, and the judgment is reversed, and the cause

REMANDED.