### MANN v. MITCHELL. (No. 2550.)

(Court of Civil Appeals of Texas. Texarkana. April 28, 1922. Rehearing Denied May 18, 1922.)

**1. Pleading ⟨⟩252(1)—Amended petition considered continuation of suit, unless contrary appears.**

The general rule is that, unless the pleadings upon their face disclose a contrary purpose, an amended original petition will be regarded as only a continuation of the same suit and upon the same cause of action described in the original pleadings.

**2. Pleading ⟨⟩252(1)—Clerical errors in description of parties or instruments may be corrected without changing cause of action.**

Plaintiff may by amendment correct clerical errors in the original petition in stating the name of the defendant and in the description of the instrument or contract sued on, without breaking the continuity of the original suit.

**3. Limitation of actions ⟨⟩123, 127(1)—Petition, though subject to general demurrer, interrupts running of statute; defective petition may be amended.**

The running of a statute of limitation is interrupted by the filing of a petition so defective that it may be subject to a general demurrer, and thereafter it is permissible to substitute for the defective petition one which does state a good cause of action.

**4. Limitation of actions ⟨⟩127(4)—Unless amended petition affirmatively shows new cause of action, exception based on limitation should be overruled.**

Where an amended petition stated the name of the maker of the note sued on with the two initials in inverse order from the way they appeared in the original petition, and designated the payee as a different corporation, but as the corporation for whose benefit the note was made, according to the original petition, the most that can be said for defendant is that there may be two separate and distinct notes, so that an exception that the amended petition stated a new cause of action barred by limitations was properly overruled, because such exception could only be sustained if the pleadings conclusively disclosed upon their face two separate and distinct causes of action.

**5. Limitation of actions ⟨⟩195(3)—Defendant has burden of proving limitation pleaded.**

Where a defendant alleges that an amended petition stated a new cause of action which was barred by the statute of limitations, the burden rests upon him to prove it.

**6. Appeal and error ⟨⟩1054(1)—In suit on note admission of subscription contract for which note was given held immaterial.**

In an action on a note given for a subscription for corporate stock tried before the court without a jury, the admission of testimony regarding the subscription contract was immaterial, except for the purpose of identifying the cause of action and tending to show that the note described in the original and amended proceedings was the same instrument, and the admission of such testimony does not require reversal.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by J. W. Mitchell, as receiver for the Commonwealth Bonding & Casualty Insurance Company, against J. T. Mann. Judgment for plaintiff, and defendant appeals. Affirmed.

C. A. Wright, of Fort Worth, for appellant.

Ocie Speer and Marvin H. Brown, both of Fort Worth, for appellee.

HODGES, J. On January 11, 1916, J. W. Mitchell, as receiver for the Commonwealth Bonding & Casualty Insurance Company, an insolvent corporation, instituted this suit against "T. J. Mann" 'to recover upon a promissory note. The petition alleged among other things, that on the 30th day of June, 1911, the defendant, Mann, executed and delivered to the Commonwealth Bonding & Casualty Insurance Company his certain promissory note for the sum of $1,750, due June 30, 1916, bearing interest at the rate of 6 per cent. per annum from date and containing the usual clause for 10 per cent. attorney's fees if placed in the hands of an attorney for collection. The note was described as due and payable at Fort Worth, Tex., and that defendant promised and became liable to pay to the bonding company the sum of money stated therein, together with the interest and attorney's fees stipulated. It was also alleged that the note provided that interest thereon should be paid annually, and that in the event of a failure to pay the same in 10 days after it became due the holder was authorized to bring suit, and that the plaintiff as the holder brings this suit under and by virtue of that stipulation. It was further alleged that at the time the note was, executed and delivered the defendant delivered as collateral security therefor five shares of stock in the Commercial National Bank of Brady.

In a second count it was alleged that the defendant, Mann, on the 30th day of June, 1911, subscribed in writing for stock of the bonding company, a corporation, of the value of $1,750, and thereby agreed and contracted to purchase from the bonding company

that amount of its capital stock and pay therefor in the city of Fort Worth the sum of money above mentioned and that defendant thereby promised and became liable to pay the bonding company that amount. In the prayer for relief plaintiff asked for judgment upon the note—principal, interest, and attorney's fees—and in the alternative for judgment against the defendant for the amount of money due on the subscription contract above referred to. Citation was issued upon that petition and served upon the appellant, "J. T. Mann," who in due time filed one or more answers, the contents of which are not in the record. For some undisclosed reason the case remained upon the docket for several years without final disposition. On April 11, 1921, Mitchell, the receiver, filed an amended original petition, in which he describes his cause of action substantially as follows: That heretofore, to wit, on June 30, 1911, the defendant J. T. Mann, executed and delivered his certain promissory note in writing to the *Commonwealth Organization Company*, whereby he promised to pay to the order of that company, at Fort Worth, Tex., the sum of $1,-750, together with interest thereon at the rate of 6 per cent. per annum from date until paid; also stipulating for the usual 10 per cent. collection fees in case the note was placed in the hands of an attorney for collection. That thereafter for a valuable consideration, the Commonwealth Organization Company transferred and indorsed the note to the Commonwealth Bonding & Casualty Insurance Company. That at the time the defendant executed the note above referred to he also delivered to the payee thereof five shares of the capital stock of the Commercial National Bank of Brady, Tex., being certificate No. 137, in the name of James T. Mann, as collateral security for the payment of the note.

In a second count it was alleged: That if for any reason plaintiff should be denied the recovery upon the note, he should be allowed to recover against the defendant the full amount hereof claimed for this reason: That on September 18, 1915, the Commonwealth Bonding & Casualty Insurance Company, a corporation, was adjudged to be insolvent, and the plaintiff, Mitchell, had been appointed its receiver. That at and before that time the defendant was a subscriber to the capital stock of the insolvent corporation. That the sum of money sued for was for the purchase price and agreed value of the shares of capital stock subscribed for by the defendant. That the stock had been issued to the defendant and carried in his name upon the books of the company. Defendant had participated in their meetings, and obtained credit upon the strength of his capital stock, and at the time the corporation became insolvent and the receiver was appointed defendant had not paid his subscriptions for stock.

The amended petition also contained this further averment:

"This plaintiff would show that the said unpaid subscriptions herein sought to be recovered is the same subject-matter and identical cause of action heretofore pleaded by this plaintiff in his original petition filed herein, and that the amount of such subscription for unpaid capital stock is identical with the amount of the principal of the note hereinbefore described and sued on. By reason of the facts herein shown the defendant is precluded and estopped as against this plaintiff representing creditors of said Commonwealth Bonding & Casualty Insurance Company to deny or in any wise defeat his liability for said unpaid subscription to said capital stock of said corporation. Therefore this plaintiff prays in the alternative only that in the event for any reason he is denied a recovery upon the note heretofore sued on, then that he have judgment for the said unpaid subscriptions of defendant to the capital stock of Commonwealth Bonding & Casualty Insurance Company," etc.

This amendment purports upon its face to be a substitute for the original petition filed on January 11, 1916.

The appellant, J. T. Mann, in a third amended original answer, pleaded limitation of four years, both by special exceptions and in bar. This appears to have been the only defense relied on in the trial court. The exceptions were overruled, and a judgment rendered for the full amount of the debt sued for.

A number of assignments of error are presented, but, with one or two exceptions, they all raise in different forms the same question, that of limitation. The contention is that both the pleadings of the receiver and the proof showed, as a matter of law, that a second and different cause of action was presented in the amended original petition, which was filed more than four years after the note described and indebtedness had matured. Unless that contention is sustained by the record, then the judgment should be affirmed.

Logically the first question is: Do the pleadings disclose two separate and distinct causes of action? Both the original and the amended petitions describe a note for $1,-750, executed on the 30th day of June, 1911, due June 30, 1916, bearing interest at the rate of 6 per cent. per annum, and providing for the usual attorney's fees. The original petition gives as the name of the payee the *Commonwealth Bonding & Casualty Insurance Company*, and the name of payor as *T. J. Mann*; while the amended petition alleges that the note was executed and delivered to the *Commonwealth Organization Company* and was later transferred and indorsed to the Commonwealth Bonding & Casualty Insurance Company, and that the name of the

payor was *J. T. Mann.* The original petition contains the averment of a stipulation which provided for the payment of the interest annually, and that a failure to pay that interest on those dates would authorize the holder within 10 days after default to institute suit upon the note. No such description as that is contained in the amended petition. Both petitions allege in a second count facts which show that the consideration for the note was a subscription for capital stock of the Commonwealth Bonding & Casualty Insurance Company, and that the note was payable in Fort Worth. The amended petition avers that the suit was upon the identical cause of action described in the original petition.

[1-3] The general rule is that unless the pleadings upon their face disclose a contrary purpose, an amended original petition will be regarded and treated as only a continuation of the same suit, and upon the same cause of action described in the original pleadings. The plaintiff may by amendment not only make new parties and enlarge the scope of the original suit, but he may also adopt that means for the purpose of correcting clerical errors in stating the names of the defendant and in the description of the instrument or contract sued on, without breaking the continuity of the original suit. These are the very purposes for which amendments are allowed. Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089; Usher v. Skidmore, 28 Tex. 616; Thompson v. Swearengin, 48 Tex. 555; Pridgen v. McLean, 12 Tex. 420. A petition may be amended for the sole purpose of correcting the initials of any of the parties to the suit without destroying the identity of the cause of action. Austin v. Jackson, 59 Tex. Civ. App. 155, 125 S. W. 936, and cases there cited. The running of the statute of limitation is interrupted by the filing of a petition so defective that it may be subject to a general demurrer. Scoby v. Sweatt, 28 Tex. 713; Pac. Express Co. v. Darnell (Tex. Sup.) 6 S. W. 765. If that be true, then it must be permissible to substitute a petition which does state a good cause of action.

[4, 5] The decisive question here is, Was the same debt, evidenced by the same note, the subject-matter declared on in both petitions? We are of the opinion that it was. The judgment of the trial court involves a finding to that effect. The most that can be said in appellant's favor upon that issue is that from the descriptions given there may have been two separate and distinct notes. If that possibility alone should control, then in every case in which instruments are misdescribed in the original pleadings no amendment correcting the error giving a different description could be made without incurring the consequences of stating a new and different cause of action. That, however, is not the rule in this state, as will be seen from the adjudicated cases heretofore cited. Having pleaded limitation, the burden rested upon the appellant to prove it. Unless the pleadings conclusively disclosed upon their face two separate and distinct causes of action, or two separate and distinct notes, the exceptions were properly overruled. For the same reason it should be said that, unless the evidence conclusively showed two separate and distinct notes, the judgment of the court should not be disturbed.

[6] Appellant also complains of the admission of testimony regarding the subscription contract. The trial was before the court without a jury. The judgment is based entirely upon the note; and, since there is nothing in the record attacking the validity of the note as originally executed, the evidence regarding the subscription contract may be treated as immaterial except for the purpose of identifying the cause of action and tending to show that the note described in the original and amended pleadings was the same instrument, based upon the same consideration, and growing out of the same transaction.

The judgment will be affirmed.