Wheeler, J.
In dismissing tiie ease tiie court doubtless acted on tiie supposition that the new promise constituted the sole cause of action; that suit was not brought upon it until the filing of tiie last amended petition; and that four years from its date having then elapsed, it was barred by the statute of limitations.
Whether the new promise constituted a cause of action independent of tiie original promise' upon which tiie statute would run subsequent to tiie filing of the original petition, and until the new promise was introduced in pleading; or, in other words, whether the amendments setting up the. new promise are to be regarded as amendments of the original petition, or as the institution of tiie suit on the new promise as tiie sole and independent cause of action, — is a question on which we might not concur in opinion, and which it is not necessary in the present ease to consider. Bor we think it clear that tiie last amendment, filed on tiie 12th day of December, 1850, is to be regarded as an amendment of tiie amended petition, filed on tiie 7th day of November, 1849. Both *246 set up the new promise. In that first filed, its date and precise terms were not accurately described; hut the inaccuracies were corrected by the amendment last filed. It cannot be denied that it is the office oí an amendment to correct a misdescription of the cause of action, as well in respect to dates as in any other respect. This was the correction made by the last amendment. When the new promise was first set forth by the plaintiff by his amendment filed on the 7th day of November, 1849, four years from its date had notelapsed. The new promise, though not then correctly described, was then declared on. This and the subsequent amendment in which the new promise was accurately described, are to be taken as one pleading, setting forth and relying upon the same subject-matter. Consequently, they constitute a suit as to that subject-matter from the date of the filing of the first amendment. The new promise, when declared on, was not barred by the statute. This ground of objection to the petition, therefore, cannot be maintained.
Hote 07. — Henderson v. Kissam, S T., 46; Greenwood v. Anderson, 8 T., 225; Pridgin v. Strickland, 8 T.,427; Bell v. McDonald, 9 T., 378; Tousey v. Butler, 9 T.,525; Tryon v. Butler, 9 T.,653; Williams v. Randon, ID T., 74; Kinney v. Lee, 10 T., 155; Pridgen v. McLean, 12 T., 420; Whitehead v. Herron, 15 T., 127; Hopkins v. Wright, 17 T., 30; Chapman v. Sneed, 17 T„ 428; Thouve-nin v. Lea, 20 T., 012; Usher v. Skidmore, 28 T.. 016; Furlow u Miller, 30 T., 28; King v. Good-eon, 42 T., 81; King v. Goodson, 42 T., 162; Mellhenny v. Lee, 43 T., 205.
The remaining ground of exception is likewise untenable. There was no necessity of a citation to the defendant, who was already in court, by the service of process upon him.
We are of opinion that the court erred in sustaining tlie exceptions to the petition; and that the judgment be reversed, and the cause remanded for further proceedings.
Judgment reversed.