MᴄIʟʜᴇɴɴʏ & Hᴜᴛᴄʜɪɴs v. M. C. Lᴇᴇ & Co.

AMENDMENT—LIMITATION.—The addition of the name of a silent partner in an amended petition filed in the firm-name or enlarging the prayer for relief by amendment, is not a statement of a new cause of action, and will not subject the amendment to a defense of limitation which would not be applicable to the original petition.

Aᴘᴘᴇᴀʟ from Washington.   Tried below before the Hon. I. B. McFarland.

*Giddings & Morris,* for appellant, cited Henderson *v.* Kissam, 8 Tex., 46; Turner *v.* Brown, 7 Tex., 490; Walker *v.* Howard, 34 Tex., 478.

*Sayles & Bassett,* for appellees.

I. It is an elementary rule of pleading that the petition must correctly state the *parties* to the contract.   " A misdescription of the contract with regard to the *parties thereto* and *with whom* it was made will also in general be fatal as a variance at the trial.   Thus, where a contract for the sale of goods was stated to be made with two persons, and it appeared in evidence that it was made with those two and another, it was ruled to be a fatal variance."   (1 Chit. Pl., 306–7.   See also 2 Greenl. Ev., §§ 110, 478; Manahan *v.* Gibbons, 19 Johns., 109; Livingston *v.* Tremper, 11 Johns., 101 ; Shireff *v.* Wilks, 1 East., 48 ; Cooper *v.* Whitehouse, 5 Carr. & Payne, 568.)

The true contract upon which a recovery was sought was not set up until the last amendment was filed, which also rendered necessary the introduction of a new party, and until then there was no suit upon which a recovery could be had.

The right to change the pleadings by amendment is not denied, subject however to the qualification, that an amendment introducing a new cause of action is liable to the same defense that it would have been had the original suit

been dismissed and a new one filed.   Thus, in Henderson *v*. Kissam, 8 Tex., 46, an amendment charging the defendant as universal partner of B. instead of as representative of B. caused the dismissal of the suit.   And in Whitehead *v*. Herron, 15 Tex., 127, a plaintiff who sued as administrator, after a plea of *ne unques administrator*, was allowed to amend by alleging that the note sued on belonged to himself, subject to payment of costs and any defense accruing since the commencement of the suit.   In Hopkins *v.* Wright, 17 Tex., 35, plaintiff sued for property, claiming the same by ordinary allegation of ownership, and an amendment setting up title as "widow" was held to present a new cause of action, which was subject to all defenses up to the time of filing.

In Walker *v*. Howard, 34 Tex., 478, cited by appellant, the court recognize the right to change the parties to a suit by amendment, which is not denied by appellee, subject, however, to the rule stated in Henderson *v*. Kissam, 8 Tex., 46.

In the case at bar there was not only a change in the cause of action, by setting up a sale by *three* instead of by *two*, as first alleged, but also in parties by the addition of a new one, rendered necessary by the change of the cause of action.    Under the allegations of the original petition and first amendment, the plaintiffs could not have proven the contract set out on account of the misdescription—*the variance being fatal.*    (1 Chit. Pl., 306–7.)    Nor if proven, could they have recovered upon it.    "In an action on *contract*, if one of the co-parties to it sues alone, when the right of action is in himself and *another*, advantage may be taken of the mistake as well under the *general issue* as by plea in abatement.    (Gould's Pleadings, 274, § 107.)

II. In reference to the assignment that the verdict of the jury is contrary to the evidence, it is sufficient to say that the verdict is fully supported by the evidence of Mr. Bassett and Mr. Robinson, the latter of whom stated that he

had no knowledge of the existence of the note until suit was brought, and that he never saw it before it was offered in evidence on the trial. Upon the weight of testimony the verdict of the jury is conclusive, and it is not necessary for us to advert to the circumstances that entitled the testimony of defendants' witness to greater weight than that of plaintiffs'. We call the attention of the court to a single statement. One witness stated that he thought the payments which were relied on as evidence of ratification were made in the new office of plaintiffs' attorneys, and the other stated positively that it did take place in the "new office;" that he recollected the circumstances as well as if it took place yesterday; remembers where he was standing when the payment was made," etc. But after the testimony of defendants' witness was given, and an examination of certain papers was made, it was admitted that the payment was made in another place.

Of course the differences in the statement of the witnesses resulted from inaccuracy of recollection, and it was for the jury to say to whom credit should be given.

III. But under the pleadings and evidence the appellant could in no event have recovered. The defendant had, by his plea in abatement, denied the partnership of the plaintiffs as alleged. The plaintiffs offered no proof whatever showing or tending to show that they composed the firm with whom the contract was made. The court ought, therefore, to have charged the jury as requested by the defendants' counsel to find for the defendant.

At common law the plaintiffs were compelled to prove that the contract was made with the plaintiffs, as alleged. A failure to prove it is laid; or proving that the promise was to a greater or less number than are named as plaintiffs, resulted in a nonsuit. (2 Greenl. Ev., §§ 110, 478, and other authorities heretofore cited.)

The effect of the defendants' plea denying the partnership was to compel the plaintiffs to prove it, and with-

out such proof they could not recover. (Paschal's Dig., 1344.)

. We have thought it unnecessary to elaborate the several grounds relied on for an affirmance of the judgment below. It is considered sufficient to direct the attention of the court to them.

Rᴇᴇᴠᴇs, Assoᴄɪᴀᴛᴇ Jᴜsᴛɪᴄᴇ.—This suit was brought by appellants in their firm name of McIlhenny and Hutchins on a promissory note executed to them by M. C. Lee & Co., composed of M. C. Lee and appellee A. J. Roberson.

The plaintiffs in their original petition averred that M. C. Lee, as the managing partner in liquidation for himself and Roberson, and with Roberson's consent, executed to the plaintiffs the note described in their petition, signing the firm-name of M. C. Lee & Co., in liquidation. The petition further averred that Roberson had recognized and ratified the acts of Lee in the execution and delivery of the note as a debt due by the firm of M. C. Lee & Co. The petition was filed on the 19th of May, 1873.

On the 5th of September, 1873, Roberson answered by a general demurrer and general denial, and prayed for judgment over and against Lee for any amount which might be recovered by plaintiffs, and also denied under oath Lee's authority to execute the note.

The plaintiffs amended their petition on the 20th of September, 1873, and again on the 7th of April, 1874. The first amendment alleged a ratification of the note by Roberson, and that the note was given for goods sold by plaintiffs to M. C. Lee & Co. The second amendment alleged that plaintiffs, at the time of the sale of the goods to Lee & Co., were doing business under the name of McIlhenny, Hutchins & Co., composed of the original plaintiffs and E. R. Terrell, who was made a party plaintiff.

To the first amendment was attached a bill of particulars, dated December 27th, 1871.

To the last amendment, made April 7, 1874, defendant Roberson excepted on the ground, among others, that the parties plaintiffs were changed by the amendment, and that a new cause of action was introduced which was barred by limitation. The court sustained the exceptions and struck out the amendment.

The material question in the case is presented by the assignment, complaining of the action of the court in striking out the amendment.

That a plaintiff may amend by averring a new cause of action, subject to all defenses existing at the time it is made, including the defense of limitation, is well settled. But does the plaintiffs' last amendment set up a new cause of action? We are of opinion that it does not. The first amended petition was filed on the 20th of September, 1873, less than two years from the making or maturity of the account.

In both amendments it is averred that the note was given in consideration of goods and merchandise sold and delivered by plaintiffs to defendants. The cause of action, as averred in the first amended petition, not being barred by the statute when it was filed, the subsequent amendment, made on the 7th of April, 1874, was not affected by limitation, both amendments forming but one pleading. (Turner v. Brown, 7 Tex., 489.)

The amended petition enlarged the prayer for relief, but this was not a statement of a new cause of action. (Chapman v. Sneed, 17 Tex., 428.)

A mere change of parties, such as an amendment which strikes out one of the plaintiffs or which corrects the Christian name, it has been held, is not such an amendment as would give the defendant the benefit of the statute of limitations. (Pridgen v. McLean, 12 Tex., 420.)

In Thouvenin v. Lea, 26 Tex., 614, it was held that " the statute only operates as a bar when it is sought under the name of an amendment to present a new suit."

The introduction of a new party as plaintiff was not, we think, such a change in the pleadings as subjected the amendment to the defense of limitation.

· Where the plaintiff changes the character in which he sues or changes the capacity in which the defendant is sued, the amendment is subject to the bar of the statute, as where the plaintiff sued in her own right, claiming the entire property, and afterwards by an amendment claimed a distributive share as surviving wife, or where the plaintiff sues as administrator and amends, claiming the note in his own right, or where the petition charging the defendant as the representative of another was amended by charging him as partner. In cases like these the statute was only arrested by the amendment. (Hopkins v. Wright, 17 Tex., 30; Whitehead v. Herron, 15 Tex., 127; Henderson v. Kissam, 8 Tex., 46—cited in the brief of counsel for the appellee.)

Such we have seen was not the character of the amendment in the case at bar, and there was error in striking it out, for which the judgment will be reversed and the cause remanded.

Appellant does not complain of the judgment against Lee, and only appeals from the judgment in favor of Roberson. Following the rule laid down in Burleson v. Henderson, 4 Tex., 49, the judgment is reversed as to both parties.

Reversed and remanded.

REVERSED AND REMANDED.