## J. M. TRIBBY v. W. A. WOKEE.

### No. 6264.

1. **Limitation — Presumption.**—While the filing of petition with the District Court is such a beginning of a suit as will from the date of filing stop the running of limitation, yet if by the direction of the plaintiff the issuance of citation to the defendant is delayed until after such a lapse of time as under the statute would bar the right to recover the statute will continue to run until the issuance of citation is ordered. No presumption will be indulged that long delay in issuing citation was by direction of plaintiff.

2. **Variance—Amendment—Limitation.**—Suit was brought on a note describing it as a note for $330.50. On the trial judgment was for defendant because of misdescription of the note, the note offered in evidence being for $332.50. A new trial was granted, and after the lapse of four years from the maturity of the note an amendment was filed describing the note sued on as a note for $332.50. *Held*, the amendment set up no new cause of action and limitation was stopped at the date of filing the original petition.

APPEAL from Jack.    Tried below before Hon. B. F. Williams.
The opinion states the case.

*Stark & Stark,* for appellant. — 1. The running of the statute of limitations was stopped by the issuance of citation and not by filing suit, and if the petition shows the note sued on to have been due more than four years prior to that date the cause was barred.    Rev. Stats., art. 3204; Keeble v. Bailey, 3 Texas, 492; Price v. Luter, 14 Texas, 6; Maddox v. Humphries, 30 Texas, 494.

2.    As to the amendment setting up a new cause of action we desire to cite as authority Brown et al. v. Martin, 19 Texas, 344, and cases there cited.

*Robinson & West, E. A. Taylor,* and *Walton, Hill & Walton,* for appellee. — 1. The filing of a petition in the District Court and the issuing of citation in Justice Court is the institution of a suit.    True if after filing a petition in District Court process thereon were held up until further orders from plaintiff or his attorney that would not be in the eye of the law the institution of suit, but if petition be filed and no order given to hold up process then the filing makes a suit commenced.

Commencement of suit in District Court.    Watkins v. Willis & Bro., 58 Texas, 523, and authorities cited; Smith v. Wilson, 15 Texas, 133, 134.

2.    The correction of a misdescription of a note sued on by amended petition is not the setting up of a new cause of action.    I. & G. N. Ry. Co. v. Irvine, 64 Texas, 533; Anderson v. Boyd, Id., 108, 109; Wiebusch v. Taylor, Id., 55, 56, and authorities cited.

3.    Where it does not appear from the record that demurrers and motions were pressed to a hearing and a ruling thereon evoked from the court the presumption is that the demurrers and motions were abandoned.

In this case the questions of limitation and new cause of action were raised by motion and demurrer and not otherwise, and neither the one nor the other was ruled on by the court.

COLLARD, JUDGE.—The note (securing vendor's lien on land) sued on was due November 25, 1880; the original petition was filed September 10, 1883; the record shows citation issued November 4, 1885. Appellant claims that the delay in issuing citation was equivalent to delaying suit until the citation issued, and that therefore the cause of action was barred by statute of limitations.

In this State the filing of the petition in the District Court is the commencement of suit and stops the running of the statute of limitations. Rev. Stats., art. 1181; Pasch. Dig., art. 1425.

If it had been shown on the trial that the delay in issuing citation was attributable to plaintiff or that it was done at his instance the running of the statute would not have been interrupted by the filing of the petition, but it would continue to run until plaintiff ordered citation to issue. Maddox v. Humphries, 30 Texas, 494. If there was delay in issuing citation as claimed the record does not show that it was at plaintiff's request. In the absence of proof it will not be presumed that plaintiff ordered the clerk not to issue process to defendant. The statute makes it the duty of the clerk upon filing petition to issue citation to the defendant. Rev. Stats., art. 1213.

Cases might arise where, as from long delay in the issuance of process within the knowledge of plaintiff, he would be presumed to have acquiesced in it and would consequently be held responsible for it. But we have no such case before us.

In the absence of proof to the contrary it would be presumed that plaintiff used due diligence in the prosecution of his suit, and if necessary in the absence of a statement of facts it would be presumed that the citation in the record was not the first citation. We could not presume the contrary, so we conclude that the suit was not barred by neglect of plaintiff to have citation issued.

The original petition declared on a note for $330.50; the amended petition declared on a note of precisely the same description except that it was for $332.50. On the first trial the court gave judgment for defendant, presumably because of a variance in the description of the note in the petition and the note offered in evidence. After new trial was granted the amendment was filed at a time when if the amendment set up a new cause of action it would have been barred by the statute of limitations of four years, as specially pleaded by defendant. Judgment was then rendered for plaintiff.

Appellant insists that the amendment set up a new cause of action. Upon a very technical view it might be so held, but the rational view

will not sustain the proposition. It is certain that plaintiff merely misdescribed the note in his original petition, calling it a note for $330.50 instead of $332.50; judgment went against him on the first trial because of the misdescription, and the amendment was filed describing the note more accurately, curing the defect. On questions of this character our courts have not followed the most technical rules of construction. In King v. Goodson, where there was a mistake in describing a lot upon which it was sought to foreclose a lien, the correction of the mistake by amendment was held to be no new cause of action, and it was held to be so far immaterial that no notice was required to be served on the defendant in order to sustain a judgment by default. 42 Texas, 81. It was held in another case that "the addition of a name of a silent partner in an amended petition or enlarging the prayer for relief was not a statement of a new cause of action and would not subject the amendment to a defense of limitation which would not be applicable to the original petition." McIlhenny v. Lee, 43 Texas, 205.

The case of Thouvenin v. Lea, 26 Texas, 612, was a suit upon a contract in parol, among other things for pay for improvements put upon defendant's land. Plaintiff by amendment set out more fully the terms of the agreemant, to which defendant set up limitation of two years. The court in reference to the point say: "The amended petition merely enlarges and states more fully and accurately the facts with reference to the same contract upon which the original petition was based. It only states an additional stipulation in the agreement between the parties which was omitted in the original petition. It enlarges but in no manner contradicts the allegations previously made. The very object of an amendment is to supply the omissions of the original pleadings, and it never has been supposed that the statute of limitations would present any impediment to its being done at any time during the progress of the cause. The statute only operates as a bar when it is sought under the name of an amendment to present a new suit." See also I. & G. N. Ry. Co. v. Irvine, 64 Texas, 533, and Turner v. Brown, 7 Texas, 489.

In the case at bar the amendment sets up a note of the same date, between the same parties, due at the same time, bearing the same interest, and in all respects identical with the note declared on in the original petition except the slight discrepancy already stated as to amount. It was not a new suit or a suit upon a different cause of action, but an amendment of the original petition more accurately describing the instrument sued on. The court below in our opinion did not err in deciding against the plea of limitation. This disposes of the only assignment of error presented in appellant's brief.

We conclude the judgment of the court below should be affirmed.

*Affirmed.*

Adopted May 28, 1889.