### WHARTON BATES v. J. G. SMITH & BROS.

#### No. 3031.

1. **Commencement of Suit—Limitation.**—The plaintiff filed his petition upon a promissory note December 31, 1887. The note sued on was due January 2, 1884. Citation did not issue until January 30, 1888. The finding of the court was that just before the filing of the petition "negotiations were pending between plaintiffs and defendant for the settlement of the note, but that plaintiffs to prevent the bar of the statute filed the petition, instructing the clerk not to issue citation as settlement was pending and there might be no necessity for citation. That the citation was in fact issued after the expiration of four years, and after the failure of the negotiations." *Held*, that the conclusion of law by the court that the note was not barred was error.

2. **Same.**—There was conflict in the testimony as to whether the clerk was directed to hold up the citation until further instructions, but upon this issue the finding of fact by the court can not be set aside.

APPEAL from Brazoria. Tried below before Hon. Wm. H. Burkhart.

The opinion contains a statement.

*Oscar D. Kirkland,* for appellant.—Actions for debt evidenced by or founded upon any contract in writing must not only be commenced within the four years after the cause of action shall have accrued, but must be followed up by an active prosecution within said four years;

and although the filing of the petition with the clerk within the four years is a commencement of the suit under the statute, yet it will not stop the running of the statute and obviate the bar if the plaintiff instructs the clerk not to issue citation thereon until he shall so direct him, and then does not direct him until after the bar is complete, and the clerk following and obeying said instructions actually does not issue citation until after the expiration of said four years, and said bar is complete. Rev. Stats., art. 3205; Tribby v. Wokee, 74 Texas, 142; Maddox v. Humphries, 30 Texas, 494.

*W. J. Brooks,* for appellees.

HOBBY, PRESIDING JUDGE.—Suit by appellees instituted in the County Court of Brazoria County, Texas, on a promissory note for $302.60, executed by Wharton Bates, January 1, 1884, payable one day after date to W. W. Cannon or order, and indorsed by said Cannon to appellees without recourse.

The original petition of appellees was filed on the 31st day of December, 1887, and was transferred to the District Court of Brazoria County on account of the disqualification of the county judge to try same, he having been of counsel in the cause.

Appellant pleaded a general demurrer, general denial, and specially the statute of four years' limitation, and in support of said plea alleged in his answer that plaintiff's attorney, W. S. Brooks, when he filed the original petition directed the clerk not to issue citation thereon until he, said attorney, should so direct him to do; that said attorney for appellees did not direct the clerk to issue citation in said cause until January 30, 1888, thereby suppressing the issuance of citation until after the four years' bar was completed.

There was a trial by the court without the intervention of a jury. The court found as a fact that the note was executed by the defendant and was transferred to plaintiffs as alleged; and further found that just before the filing of the petition in this cause "negotiations were pending between plaintiffs and defendant for the settlement of the note. But that plaintiffs, to prevent the bar of the statute, filed the petition, instructing the clerk not to issue citation as settlement was pending and there might be no necessity for citation. That the citation was in fact issued after the expiration of four years and after the failure of said negotiations."

The legal conclusion found by the court from the foregoing facts was "that the statute of limitation set up by the defendant in this case ought not to prevail;" and in accordance with this conclusion judgment was rendered for the plaintiffs for the amount of the note and interest. This judgment is before us on appeal by the defendant, and its reversal asked under the following assignments of error:

"1. The court erred in finding for the plaintiffs, because the evidence showed that plaintiffs' cause of action accrued more than four years prior to the institution of this suit, the citation having been suppressed by the order of plaintiffs' attorney until after the running of the statute of limitation was complete.

"2. The court erred in his conclusions of law in finding as such conclusions that the suppression of the citation until after the expiration of four years from the maturity of the note did not interpose the bar of limitation.

"3. The conclusions of law and fact found by the court are inconsistent with each other and do not follow or express the law of the case."

The note sued on was due January 2, 1884, the petition was filed December 31, 1887, and citation issued thereon January 30, 1888. The evidence upon the only issue as to which there seems to be any controversy was as follows:

The clerk testified in substance that plaintiffs' attorney handed him the petition filed December 31, 1887, with instructions not to docket the cause nor issue citation until further notice; that he expected to settle the matter. He did not therefore issue process until the date above stated. The attorney for the defendant testified that on the last day of grace, the 5th of January, 1888, he advised plaintiffs' attorney to bring suit, as it was the last day of grace; that the latter replied that he had filed suit. On the day following witness inquired of the clerk if the suit had been brought, and was answered in the negative. He examined the docket and found upon inspection that the suit was not docketed. The plaintiffs' attorney testified that on or about the 22d of December, 1887, the plaintiffs delivered the note sued on to him with instructions to get defendant to renew it. He submitted the matter to the latter, who expressed a willingness to renew it if it would not affect a claim held by him against plaintiffs. Defendant's attorney was absent, and he (defendant) asked that the matter remain in abeyance until his return. On December 31, 1887, plaintiffs' attorney, thinking defendant did not intend to renew the note, brought this suit by handing the petition to the clerk. The witness denies positively that he instructed the former not to issue citation or not to docket the cause, but states that he did instruct him to issue citation before the note was barred by limitation; that he knew at the time the law to be that if he suppressed citation limitation would not be suspended, and stated further that "all of his actions were with a view to prevent defendant from pleading limitation."

The conflict in the evidence is manifest as to whether plaintiffs' attorney directed the clerk not to issue citation on the petition. The court having found that he did, and the testimony supporting such finding, the necessary legal conclusion which should have been drawn from this was that the mere filing of the petition did not interrupt the

running of the statute of limitations unless the proof had shown that these instructions were the result of fraud or deception on the part of the defendant which influenced plaintiffs' attorney, or some other reason legally sufficient to relieve the case of the operation of the statute of limitations. No such proof was made or attempted to be offered. On the contrary it appears from the evidence of the plaintiffs' attorney that he did not rely upon any negotiations with a view to a settlement, but that he filed the petition in time and did not instruct the clerk not to issue process.

We think the court erred in its conclusion of law, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 17, 1891.