**PHILLIPS v. WILSON et al.    (No. 6443.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1920. Rehearing Denied Dec. 1, 1920.)

Limitation of actions ⧫119(1)—Limitations not arrested by filing of petition, where issuance of process unreasonably delayed.

If a suit is filed and the clerk is directed by the plaintiff not to issue process, limitations will not be arrested by the filing of the petition, and it was no excuse for delay in issuing citations that service could not have been completed by publication in time for trial at the next term of court; defendants' addresses being unknown.

Appeal from District Court, Zavala County; R. H. Burney, Judge.

Action by C. A. Phillips against Ben W. Wilson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

G. C. Jackson, of Crystal City, and Geo. C. Herman, of Batesville, for appellant.

G. B. Fenley, of Uvalde, and L. J. Brucks, of Hondo, for appellees.

FLY, C. J. This is a suit instituted by appellant against Ben W. Wilson and E. G. Morris, to recover on three promissory notes secured by vendor's lien on certain land. It was alleged that the notes were executed on August 26, 1912, by Ben W. Wilson, to whom the land was conveyed by appellant, and that the land was conveyed by Wilson to Morris. The notes were each in the sum of $1,000, and due, respectively, in 12, 24, and 36 months from date. The suit was filed on August 25, 1919. Limitations of four years was pleaded by appellees. It was alleged that the residence of the appellees was unknown. In a supplemental petition appellant admitted that his cause of action on the note due in 12 months and the one due in 24 months was barred by limitation, and he sought a recovery only on the $1,000 due three years after August 26, 1912, or on August 26, 1915. It was admitted by appellant in his supplemental petition, as to the note last due, that when he filed his suit, on August 25, 1919, there was not sufficient time to perfect service by publication for the term of court which began on September 22, 1919, and therefore he did not make the necessary affidavit for process until February 10, 1920, to obtain service for the term of the district court beginning on March 22, 1920. The cause was tried without a jury, and judgment rendered that appellant take nothing by his suit, and that Phillips recover all the interest appellant had in the land by reason of the vendor's lien.

The evidence showed that when the suit was filed the clerk was requested by appellant's counsel not to issue citations for appellees, and no effort was made by appellant to obtain process until February 10, 1920, over 4 months after the action had been begun. At that time an amended petition was filed, and process asked for and obtained. No adequate reason for the long delay in obtaining process was given by appellant. That the service could not have been completed for the September term, 1919, was no excuse for the delay in issuing citations for appellees. The blame for failure to issue the process rested on appellant alone. If a suit is filed and the clerk is directed by the plaintiff not to issue process, limitations will not be arrested by the filing of the petition. Maddox v. Humphries, 30 Tex. 494; Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089; Bates v. Smith, 80 Tex. 242, 16 S. W. 47; Railway v. Wilbanks, 7 Tex. Civ. App. 489, 27 S. W. 302; Faires v. Loessin, 46 Tex. Civ. App. 551, 102 S. W. 924.

The notes were all barred by limitation, and the judgment is affirmed.

---

⧫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes