### HANNAMAN et al. v. GORDON. *
(No. 425–3737.)

(Commission of Appeals of Texas, Section B.
May 14, 1924.)

**1. Limitation of actions ⊕118(2)—Running of statute stopped by bringing suit on note and to foreclose trust deed in district clerk's office; "brought;" "commenced."**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5695, requiring that suit on note and to foreclose deed of trust securing it be "brought" within four years after note matures, but not that it be "prosecuted" within such time, as required by articles 5685, 5687, 5688, 5689, relative to personal actions and suits on executors', administrators', and guardians' bonds, running of limitations is stopped when petition is filed within such time in office of clerk of district court as required by Rev. St. art. 1812; "brought" and "commenced" being used interchangeably.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Commenced; First and Second Series, Brought.]

**2. Vendor and purchaser ⊕231(17)—Record of deed of trust equivalent to actual notice to subsequent purchasers and creditors.**

Under Rev. St. arts. 6842, 6828, record of deed of trust is equivalent to actual notice thereof and of lien retained to subsequent purchasers and creditors; and failure to file lis pendens notice of foreclosure suit and serve defendant with process within period of limitations does not work estoppel.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Bessie S. Hannaman and others against John J. Gordon and others. Judgment for plaintiffs against named defendant reversed, and judgment rendered for latter (234 S. W. 569), and plaintiffs bring error. Reversed, and judgment of trial court affirmed.

W. H. Kimbrough, R. E. Underwood, and M. J. R. Jackson, all of Amarillo, and Chas. L. Black, of Austin, for plaintiffs in error.

Madden, Trulove & Pipkin and C. E. Gustavus, all of Amarillo, and Templeton, Beall, Williams & Worsham, of Dallas, for defendant in error.

HAMILTON, J. The statement of the case made by the Court of Civil Appeals, and adopted by us, follows:

"Appellee Bessie S. Hannaman recovered judgment in the court below against Sam Morris, one of the defendants, for the sum of $13,591.10, with foreclosure of deed of trust lien against the said defendant, and also Sam Curtis and John J. Gordon, on certain property situated in the city of Amarillo. From this judgment defendant John J. Gordon appeals.

"The only question for decision is as to the right of the plaintiff in the court below to enforce her deed of trust lien against the prop-

erty in question as against the defendant John J. Gordon, and we make the following statement of facts and proceedings in the court below as being pertinent to the decision of such question: John Kollaer, being the owner of the property in question, conveyed it to Sam Morris on April 18, 1912, retaining a vendor's lien to secure payment of certain notes executed by Morris in part payment therefor. On January 30, 1913, Morris and wife gave a deed of trust on the property to secure the payment of a note executed by them, payable to Bessie S. Hannaman, the note being of even date with the deed of trust, and payable one year after date. This deed of trust was duly recorded. Sam Curtis, by regular transfer, acquired the unpaid vendor's lien notes executed by Morris to Kollaer, and on September 6, 1916, filed suit against Sam Morris and others to recover the balance due on these notes, and for a foreclosure of the vendor's lien on said property. Mrs. Hannaman was not made a party to this suit. Judgment of debt and foreclosure of lien was regularly obtained in this suit, and the property was sold to Sam Curtis under order of sale issued thereon. The sheriff's deed was dated December 20, 1916, and was duly recorded. Mrs. Hannaman and her attorney had notice of this foreclosure and purchase by Curtis at the time of the institution of the suit hereinafter mentioned. On January 28, 1918, Mrs. Hannaman filed this suit against Sam Morris and wife and Sam Curtis. Citation was properly issued and served on Morris and wife, but no process was issued for Curtis until February 10, 1920. The jury found, and the finding is not challenged, that the plaintiff or her attorney was "negligent in not causing process to be issued and served upon defendant Sam Curtis, earlier than was done."

"No lis pendens notice of the filing of this suit was filed until some time in July or August, 1919. Sam Curtis, by deed dated May 1, 1919, recorded June 20, 1919, conveyed the property to John J. Gordon who, according to the unchallenged finding of the jury, purchased the property 'in good faith and for a valuable consideration, without notice to him (or to his agent) of the existence of the deed of trust lien upon said property in favor of the plaintiff, Bessie S. Hannaman, and without notice of the pendency of this suit.' On February 10, 1920, Mrs. Hannaman filed her amended petition in this cause, making John J. Gordon a party to the suit, whereupon citations were immediately issued and promptly served on the defendants Curtis and Gordon. The amended petition set out the execution of the note and deed of trust, and prayed for a judgment for the debt and foreclosure of the lien. It was futher alleged therein that the defendants Curtis and Gordon were claiming some sort of title to the property, covered by the deed of trust, which claim was alleged to be inferior and subject to plaintiff's lien. Curtis filed no answer, and judgment by default was taken against him. John J Gordon answered, setting up the facts as we have detailed them, and pleading: (1) Limitation against the foreclosure of the lien as to him or Curtis; (2) that he was an innocent purchaser for value without notice of the Hannaman deed of trust or pendency of this suit at the time of his purchase; and (3)

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied June 28, 1924.

that the plaintiff was estopped by reason of the failure to issue process for Curtis or file a lis pendens notice of such suit to enforce such lien against him, the said Gordon.

"The plaintiff, in a supplemental petition, admitted the purchase of the property by Gordon, but tendered issues as to his being a bona fide purchaser without notice and as to the negligence in the matter of securing service of citation on the defendant Sam Curtis. She admitted in this pleading that the deed of trust lien was inferior to the vendor's lien through foreclosure of which the said Gordon held, but claimed the right to redeem the property, and in such connection tendered into court a sum of money sufficient to pay off all that was due on the Kollaer vendor's lien notes, and such taxes as had been paid by Curtis and Gordon, for the payment of which the court might hold her liable. Three special issues were submitted to the jury: (1) As to whether the defendant Gordon was a bona fide purchaser for value without notice of the existence of the deed of trust or the pendency of the suit to foreclose it; (2) as to the negligence of the plaintiff in procuring the issuance and service of process on the defendant Curtis; (3) as to whether plaintiff should be estopped from having a foreclosure of the deed of trust lien against the defendant Gordon. We have already stated the answers of the jury to the first two issues. The third issue was answered in the affirmative. The trial court entered judgment against Morris for the balance due on the notes and for a foreclosure of plaintiff's lien on the property as against all the defendants. It was further adjudged that the premises be redeemed 'from the superior title and lien of the said John J. Gordon' by payment, out of the moneys paid by plaintiff into court for that purpose, of the amount due on the Kollaer vendor's lien notes, etc. The property was decreed to be sold, and the proceeds applied to the payment of plaintiff's debt and costs of suit. It was ordered that any balance remaining after such payment was to be paid to the defendant John J. Gordon."

The Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment in favor of Gordon. 234 S. W. 569.

The ground upon which the Court of Civil Appeals founded its opinion was that plaintiff's cause of action to foreclose her lien as to Curtis was barred by limitation, and that, therefore, no judgment could be had against Gordon. This holding is based upon the finding of the jury that plaintiff was negligent in getting service on Curtis, and upon the court's holding that the suit could not be considered as having been brought against Curtis or the plaintiff in error, Gordon, who had in the meantime bought the property, as shown above, until February 10, 1920, more than four years after maturity of the note.

[1] It is undoubtedly the holding of our Supreme Court in construing articles 5685, 5687, 5688, and 5689 (Vernon's Sayles' Ann. Civ. St. 1914), that, to interrupt the running of the statutes of limitations provided in said articles, there must be a bona fide in-

tention, at the time of filing the petition, that process shall be served at once upon the defendant. It is also the holding of that court in the construction of the articles above mentioned that, in order that the filing of the petition in the causes of action described in those articles shall not interrupt the running of the statute, it must be shown on the trial that the delay in issuing citation was attributable to the plaintiff or that it was delayed at his instance. In the absence of proof it will not be presumed that the plaintiff did anything to delay the issuance of citation. The statute makes it the duty of the clerk upon filing of the petition to issue citation to the defendant. The plaintiff or his attorney in the suits mentioned and described in the above-numbered articles may relieve the filing of the petition from having the effect of stopping the running of the statutes of limitations by some act or word indicating that it is not his intention or desire that citation shall issue immediately, thereby relieving the clerk of the duty imposed upon him by statute. If the clerk neglect his duty to issue process, it is necessary that plaintiff endeavor to have him perform it. We conceive the above to be the holdings of the Supreme Court in causes in which the above-numbered articles are applicable, as shown by the following cases: Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Bates v. Smith & Bros., 80 Tex. 242, 16 S. W. 47; Tribby v. Wokee, 74 Tex. 143, 11 S. W. 1089; Jones v. Andrews, 72 Tex. 15, 9 S. W. 170.

Article 1812, Revised Civil Statutes, prescribes that "all civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk of such court."

All of the opinions cited above, and all that we have found, have involved limitation statutes different from the one involved in this case. We think that all the variations from the plain wording of article 1812, above quoted, are due to the peculiar wording of the statutes of limitations involved in the cases that express such variations, or to the unconscious influence of other opinions which are themselves based on the wording of such statutes. Articles 5685, 5687, and 5688, prescribing limitations of one, two, and four years on personal actions, each prescribes that "there shall be commenced and *prosecuted*" within the time mentioned in each statute respectively "after the cause of action shall have accrued and not afterward, all actions or suits in court" of the kind therein respectively described. Likewise article 5689 prescribes that all suits on the bond of any executor, administrator, or guardian shall be commenced and *prosecuted* within four years, etc. In other words, all the statutes of "limitation of personal actions," except the statute under consideration, provide that the suit shall be com-

menced and *prosecuted* within the time mentioned in the statute.

Ricker, Lee & Co. v. Shoemaker, supra, one of the two cases cited by the Court of Civil Appeals in support of its holding that the filing of the petition in the instant case did not suspend the running of the statutes of limitations, being the latest decision upon the matter found by us, seems to be predicated on the wording of the statutes of limitations adverted to above. The plaintiff in that case averred that, by reason of his injuries, he was unable to attend to the matter, and did not know that service was not had upon defendants until a short time before the filing of his first supplemental petition. The court said:

"The physical disability of the party plaintiff does not suspend the statute of limitations, nor does it excuse a failure to bring and *prosecute* the suit within the time prescribed by law." (Italics ours.)

The rule laid down in the Ricker Case was reaffirmed by the Court of Civil Appeals in Gulf, C. &. S. F. Ry. Co. v. Flatt, 36 S. W. 1029, in which it was said:

"If plaintiff intended in good faith to *prosecute* his suit, and was not to blame that citation was not sooner served on defendant, the statute of limitation would not apply. Insurance Co. v. Templeton, 3 Willson, Civ. Cas. Ct. App. § 424; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Bates v. Smith, 80 Tex. 243, 16 S. W. 47. It was a question of fact to be determined by the jury whether the plaintiff had *prosecuted* his suit by causing citation to be issued and served within a reasonable time after the petition was filed, and the court should not have undertaken to charge the jury directly to find for the defendant on its plea of limitation, as was asked by the requested charge." (Italics ours.)

Those two cases are cited as authority for the holding in Wood v. Gulf, C. & S. F. Ry. Co., 15 Tex. Civ. App. 322, 40 S. W. 24, the only other case cited in the opinion of the Court of Civil Appeals in this case for its holding on the question.

The limitation statute involved in the case at bar does not require that the suit shall be commenced and *prosecuted* within the four years. It merely requires that the suit shall be *brought* to enforce the lien within four years after the note matures. The language of the applicable portion of the statute (article 5695) follows:

"* * * The owners of all notes secured by deeds of trust or other liens and the owners of all vendors lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them * * * and if such debt is not extended of record, or suit is not brought within such four years or four years after they mature, they (the owners of the notes) shall be forever bar-

red from the right to extend such debt of record, or bring suit to enforce the lien securing the same. * * *" (The parenthetical expression is ours.)

It is observed that the statute says:

"If * * * suit is not brought within * * * four years after they (referring to the notes) mature, they (referring to the owners) shall be forever barred from the right to * * * bring suit to enforce the lien securing the same. * * *"

There is no provison in the statute that, if suit is not brought and *prosecuted* within four years after the notes mature the owners shall be barred from the right to bring suit to enforce the lien. The statute stopped short with the provision that, if suit is not *brought* within four years after the notes mature, the owners shall be barred.

The words "brought" and "commenced," as applied to the institution of a suit mean the same thing, and are used interchangeably. Goldenburg v. Murphy, 108 U. S. 162, 2 Sup. Ct. 388, 27 L. Ed. 686; United States v. American Lumber Co. (C. C.) 80 Fed. 309, 315. By substituting the word "brought" for the word "commenced" in article 1812, it would read:

"All civil suits in the district and county courts shall be brought by petition filed in the office of the clerk of such court."

Suit for judgment on her note, and for foreclosure of her lien against Morris and Curtis both, was brought by Mrs. Hannaman in this case in the district court of Potter county by petition filed in the office of the clerk of that court within four years after the maturity of that note. The limitation statute (article 5695) requires no more than that suit be *brought* within four years after the note matured, and therefore we think Mrs. Hannaman complied with the requirements of article 5695, and that the running of limitation was stopped when the petition was filed, naming Curtis as one of the defendants, and making proper allegations for foreclosure of her deed of trust lien.

[2] Plaintiff in error's plea of estoppel is based upon the failure of Mrs. Hannaman to file lis pendens notice of the foreclosure suit, and on failure to serve Curtis with process within four years after maturity of the note. He pleads that by reason of such failure he was a purchaser in good faith without any actual knowledge that she claimed a deed of trust lien on the property, or that any suit had been filed; that the failure to do these things or either of them estops her.

The deed of trust was duly recorded. Article 6842, Revised Civil Statutes, requires that the record of that deed of trust "shall be taken and held as notice to all persons" of its existence; and article 6828 declares that from the time when such instrument shall have been delivered to such clerk to be recorded it shall "take effect and be valid as to all subsequent purchasers for a valuable

consideration without notice, and as to all creditors." The record of the deed of trust took the place of and was equivalent to actual notice of the deed of trust and the lien retained thereby. Quarles v. Hardin (Tex. Com. App.) 249 S. W. 459; Quarles et al. v. Conway (Tex. Com. App.) 249 S. W. 463; Quarles v. Eaton-Blewett Co. (Tex. Com. App.) 249 S. W. 465. Since there was no bar of the lien by limitation, and since Gordon had constructive notice of the deed of trust and of the lien, he was not an innocent purchaser as a matter of law, nor was Mrs. Hannaman estopped to foreclose her lien on the property.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.