## McLAUGHLIN v. HORN–ALLEN CO.

### No. 4299.

Court of Civil Appeals of Texas. Amarillo.

Nov. 5, 1934.

Rehearing Denied Nov. 26, 1934.

Schlofman & Merchant, of Dalhart, and R. E. McLaughlin, of Channing, for appellant.

B. N. Richards, of Dalhart, and Tom Collins, of Channing, for appellee.

JACKSON, Justice.

This suit was instituted by appellee in the district court of Hartley county to recover a balance due on a note executed by appellant on March 25, 1929, for the sum of $843.85, payable to appellee on July 25, 1929, with interest thereon at the rate of 10 per cent. per annum from date until paid.

The appellant answered by general demurrer, several so-called special issues, general denial; pleaded that the appellee failed to use due diligence to have citation issued after its petition was filed, and therefore the note sued on was barred by the statute of four-year limitation; set up certain payments which he claimed he had made and should be credited on the note, and also alleged that he was an accommodation maker, and by agreement was not liable until and unless the note was executed by Clark McLaughlin.

In response to special issues submitted, the jury found against appellant on each of the defenses pleaded, and judgment was rendered that appellee recover $880.13, principal, interest, and attorneys' fees.

The appellant complains of the action of the court in overruling his general demurrer and special exceptions, because the petition shows on its face that appellee failed to use due diligence in having citation issued.

The petition was filed July 25, 1933, and alleges the date of the note as of March 25, 1929, and its maturity date as July 25, 1929, but does not disclose when citation was issued. These dates reveal the fallacy of this complaint. Key v. Forshagen (Tex. Civ. App.) 57 S.W.(2d) 232.

Appellant urges as error the action of the trial court in failing to direct a verdict in his behalf, claiming that the uncontradicted testimony shows that appellee failed to exercise due diligence in having citation issued after the petition was filed and because thereof the note was barred by the four-year statute.

In the petition appellee prayed that citation issue and on final hearing it have judgment for its debt. Citation was issued and served

September 19, 1933, which was in time for the first term of court after July 25, and judgment was obtained at said term. The clerk testified, in effect, that something, just what he did not remember, was said by the attorney when the petition was filed, that there was no hurry about issuing citation, but that otherwise neither the plaintiff nor his attorney interfered or requested him not to issue citation.

Article 1971, R. C. S., provides:

"Civil suits in the district and county courts shall be commenced by petition filed in the office of the clerk."

Article 5527, R. C. S., provides, in part:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: 1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing."

"If plaintiff intended in good faith to prosecute his suit, and was not to blame that citation was not sooner served on defendant, the statute of limitation would not apply. Insurance Co. v. Templeton, 3 Willson, Civ. Cas. Ct. App. § 424; Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645; Bates v. Smith, 80 Tex. 243, 16 S. W. 47. It was a question of fact to be determined by the jury whether the plaintiff had prosecuted his suit by causing citation to be issued and served within a reasonable time after the petition was filed, and the court should not have undertaken to charge the jury directly to find for the defendant on its plea of limitation, as was asked by the requested charge." Quoted with approval in Hannaman et al. v. Gordon (Tex. Com. App.) 261 S. W. 1006, 1008.

"Where the citation is not issued and served promptly, this does not affect the suit, unless the plaintiff is responsible for the failure of the officers to do their duty, as in cases where the plaintiff instructs the clerk not to issue, or instructs the sheriff not to serve." Allen v. Masterson et al. (Tex. Civ. App.) 49 S.W.(2d) 855, 856.

Service having been secured for the first term of court after the petition was filed and the case having been tried at such term, together with the testimony of the clerk, presents the intention and due diligence as a fact issue. This was properly submitted to the jury and determined against appellant.

The court is not authorized to direct a verdict, "if, discarding all adverse evidence,

and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Jackson v. Langford (Tex. Civ. App.) 60 S.W.(2d) 265, and authorities cited.

The other assignments urged by appellant are not tenable, and the judgment is affirmed.