## HIGGINBOTHAM BROS. & CO. v. CALLAWAY.

### No. 2343.

Court of Civil Appeals of Texas. Eastland.

March 19, 1943.

George E. Smith, of Comanche, for appellant.

Oscar Callaway, of Comanche, for appellee.

GRISSOM, Justice.

Higginbotham Bros. & Co., on October 30, 1941, filed suit against Oscar Callaway on a promissory note for the principal sum of $2,838.95. The note showed ten payments had been made on the note between June, 1936, and June, 1941. The note was dated May 20, 1933, and due on or before October 1, 1933. On the back of the note there was written an agreement extending the due date to November 1, 1937. Plaintiff's petition was filed October 30, 1941. When the petition was filed, according to an agreement in the record, plaintiff instructed the clerk "not to issue citation and they would advise him when to issue citation, and that they did not advise him to issue citation until the date it was issued, which was Nov. 14, 1941." Defendant answered that plaintiff's cause of action, if any, accrued more than four years before the commencement and *prosecution* of the suit, and that it was, therefore, barred by limitation. Defendant further alleged that plaintiff by its affirmative action at the time suit was filed delayed the issuance and service of process from October 30 until November 14, 1941; that the prosecution of said suit was delayed by plaintiff until more than four years after plaintiff's cause of action, as shown by its petition, accrued and that it was barred by limitation. The trial was to the court. The court sustained defendant's plea of limitation and rendered judgment for defendant. Plaintiff has appealed.

The only question presented is whether or not the delay in the issuance of citation at plaintiff's direction, until more than four years after the note became due, caused plaintiff's cause of action to be barred by the four year statute of limitation, Art. 5527, Sec. 1, Vernon's Ann.Civ.St.

The court filed findings of fact and conclusions of law. The court, among other things, found that three days before the note would have been barred by limitation Mr. Cox, plaintiff's agent, called upon defendant and told him something must be

done before November 1st; that defendant requested Mr. Cox to secure certain data concerning the indebtedness represented by the note and with reference to certain credits; that "no promise to pay was made and no offer of renewal was made, and, according to Mr. Cox, no promise or inducement was made to him by defendant." The court further found:

"On October 30, 1941, plaintiff's agent had his attorney file suit on the note. At the time suit was filed the district clerk was instructed by plaintiff's attorney to withhold the issuance of citation and he would instruct him when to issue the same. Several conferences were had thereafter between Mr. Cox, plaintiff's agent, and the defendant relative to said note but no settlement was made. On the 14th of November, 1941, plaintiff's agent, for the first time, informed the defendant that suit had been filed on said note, but that citation had not been issued, whereupon, the defendant told said agent that further discussion would be unnecessary; that inasmuch as they had placed the matter in the court that the court should settle the same. Citation was issued on November 14th, 1941, and promptly served upon the defendant. I further find that during all said negotiations that the defendant did not at any time promise to extend, renew or pay said note. In fact it was uncontroverted that the defendant made no inducement, promise or statement of any kind that induced the plaintiff to withhold the issuance of citation. In fact, the defendant did not know that suit had been filed until he was told on November 14th, 1941. There had been no discussion between the parties prior to Nov. 14th, 1941, of any suit, issuance of citation or question of limitation.

## "Conclusion of Law

"From the above findings, I conclude as a matter of law, that at the time of the issuance of citation in this suit, the cause of action was barred by the four years statute of limitation of this state. I conclude that there was no act upon the part of the defendant that induced or prompted the failure to have citation timely issued and that said delay was a voluntary act on the part of the plaintiff, hence the plea of limitation interposed by the defendant is sustained."

At plaintiff's request the court filed the following additional findings of fact and conclusions of law:

"(a) I find that there was no statement or inducements on the part of the defendant either before or after the filing of the suit in question, that prompted plaintiff's agent to delay the issuance of citation. I find that the defendant did not know the suit was filed until Nov. 14th, 1941, when he was told of such filing by plaintiff's agent, and at the time he was told the note was barred by the four years statute of limitation.

"(b) as to whether the suit was filed in good faith or not, is a finding that I deem immaterial inasmuch as the issuance of citation and not the filing of the suit is the crucial question. There [is] no question but that the suit was filed in the time, but the good faith of the matter might be disputed by the plaintiff's acts in ordering the delay in the issuance of citation.

"My conclusion is that there must have been some promise, act or inducement on the part of the defendant that would amount to fraud or that could be plead against him by way of estoppel, that caused the delay in issuance of citation until after the note was barred. I do not find such in the record."

Defendant contended he had paid some smaller notes that were included in the note sued on, and that, among other things, he was entitled to a credit of $867, which he contends he paid directly on this note; that the note was "practically paid." According to defendant, he "demanded" of plaintiff's agent information as to what items made up the note sued on. Defendant refused to testify that he intended to pay the amount finally determined to be due on the note, if any, or to renew it. He testified he intended to show the note was "practically paid". There is no evidence that defendant promised to do anything to prevent either the filing of suit or the issuance of citation, or that he requested that suit not be filed or that citation not issue. It is undisputed that defendant did not know until November 14, 1941, that plaintiff had filed suit on the note and that when Mr. Cox so informed him defendant immediately declined to further discuss or consider the question of payments and credits he claimed to have made and be entitled to on the note. Mr. Cox then directed the clerk to issue citation and it was issued and served on November 14th.

There is evidence by Mr. Cox, who is plaintiff's agent and represented it in all matters pertaining to the note and this suit, that he thought the matter could be adjusted and settled, that if defendant had intimated he was not going to pay or renew the note citation would have been immediately issued upon filing the suit; that defendant was retained as plaintiff's counsel; that plaintiff did not want to embarrass defendant; that defendant had made many purchases from plaintiff for many years; that plaintiff intended in good faith, in the event of the failure of negotiations, to have citation promptly issued and the suit prosecuted; that negotiations for the settlement of the debt were not broken off until the day citation was issued. Therefore, plaintiff contends that the filing of the suit on October 30th prevented limitation from thereafter running against its cause of action. Defendant testified that the matter of the note "running out of date", or the question of a suit being filed, was never mentioned. Plaintiff's agent, among other things, testified that when he filed the suit the reason he did not then have citation issued was because he thought filing the suit stopped the running of limitation. Mr. Cox testified:

"Q. You thought that by filing the petition that that would toll the limitation? A. That was why I did it.

"Q. You didn't know that citation must issue? A. I figured that if we could work it out without it there was no reason of embarrassing Mr. Callaway. He had been a customer of ours for years, had been a customer ever since we were boys in the store.

"Q. It was by reason of that relation that caused you to show every consideration you could? A. I just did everything I could to work the thing out without it coming to court.

"Q. You thought that filing suit on that date was sufficient to stop limitation, or you would have had citation issued? A. That is right, yes.

"Q. And you anticipated, as agent for the company, that probably it would be settled and renewed? A. Yes, and we would have it dismissed."

It is our duty in the consideration of the testimony supporting the trial court's findings and judgment to disregard testimony contradictory thereto. Where there is evidence supporting the trial court's findings of fact those findings are binding on this court. Fidelity & Deposit Co. v. First Nat'l Bank, Tex.Civ.App., 113 S.W. 2d 622; Pippin v. Holland, Tex.Civ.App., 146 S.W.2d 266, 267; McWhorter v. Reynolds, Tex.Civ.App., 156 S.W.2d 312. The court may have believed that the reason plaintiff instructed the clerk not to issue citation was because plaintiff's agent believed that by merely filing the suit he had effectually terminated the running of limitation. Mr. Cox was plaintiff's representative and an interested witness. Under the law the court had the right to accept this part of his testimony and disregard all testimony tending to conflict therewith. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, 334; Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916; Cochran v. Wool Growers Cent. Storage Co., Tex.Sup., 166 S.W.2d 904, 908.

In Bates v. Smith, 80 Tex. 242, 245, 16 S.W. 47, plaintiff filed his petition in a suit on a note on December 31, 1887. The note was due January 2, 1884. Citation did not issue until January 30, 1888. The court found that immediately before filing the petition "negotiations were pending between plaintiffs and defendant for the settlement of the note, but that plaintiffs, to prevent the bar of the statute, filed the petition, instructing the clerk not to issue citation, as settlement was pending, and there might be no necessity for citation." Citation was issued more than four years after the note was due and after failure of negotiations. The trial court concluded that the note was not barred. The Supreme Court said: " * * * the necessary legal conclusion which should have been drawn from this was that the mere filing of the petition did not interrupt the running of the statute of limitation, unless the proof had shown that these instructions [plaintiffs' instructions to the clerk not to issue citation until further directed] were the result of fraud or deception on the part of the defendant which influenced plaintiffs' attorney, or some other reason legally sufficient to relieve the case of the operation of the statute of limitation."

In Ricker et al. v. Shoemaker, 81 Tex. 22, 28, 16 S.W. 645, 647, the Supreme Court said: "All the elementary writers agree that, in order to stop the running of the statute of limitations by suit, not only must the initial step required by the statute be taken, but there must also be a bona fide intention that the process shall

be served at once upon the defendant. (Bus.Lim. § 355; Wood, Lim. § 289; Ang. Lim. § 312); and such is practically the ruling in this court (Veramendi v. Hutchins, 48 Tex. 531, [532.] ) "

In Tribby v. Wokee, 74 Tex. 142, 143, 11 S.W. 1089, 1090, our Supreme Court said: "If it had been shown on the trial that the delay in issuing citation was attributable to plaintiff, or that it was done at his instance, the running of the statute would not have been interrupted by the filing of the petition, but it would continue to run until plaintiff ordered citation to issue."

■ The applicable rule is stated in 28 Tex.Jur. 195, Sec. 101, as follows: "In cases in which a bona fide intention that process shall be issued and served is essential in order to toll the statute, the plaintiff or his attorney may relieve the filing of the petition from having the effect of stopping the running of the statute of limitation by some act or word indicating that it is not the intention or desire that citation shall issue immediately, thereby relieving the clerk of the duty imposed upon him by statute. Thus the statute is not suspended if at the time suit is filed the clerk is directed not to issue process, or not to issue it until further instructed or until some future time, unless it is shown that these instructions were the result of fraud or deception on the part of the defendant which influenced the plaintiff's attorney or that some other legally sufficient reason for delaying the issuance of citation existed."

The applicable statute, Art. 5527, Sec. 1, provides:

"There shall be commenced *and prosecuted* within four years after the cause of action shall have accrued, *and not afterward,* all actions or suits in court of the following description:

"1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." (Italics ours.)

■ After a most careful consideration of the entire record, we conclude that the evidence sustains the court's findings of fact and authorizes the legal conclusion that the filing of the petition with instructions by the plaintiff to the clerk not to issue citation, under the circumstances, did not toll the statute of limitation, and, as found by the trial court, plaintiff's cause of action was barred. In support of these conclusions, we call attention to the following additional authorities: Maddox v. Humphreys, 30 Tex. 494; Owen v. City of Eastland, 124 Tex. 419, 422, 78 S.W.2d 178; Buie v. Couch, Tex.Civ.App., 126 S.W.2d 565, writ refused; Koudsi v. Mathiwos, Tex.Civ.App., 147 S.W.2d 585; Ferguson v. Mellinbruck, Tex.Civ.App., 134 S.W.2d 680; Phillips v. Wilson, Tex.Civ. App., 225 S.W. 406, writ refused; Cooper v. Irvin, Tex.Civ.App., 110 S.W.2d 1226, 1229; Veramendi v. Hutchins, 48 Tex. 531.

We have considered all of the authorities cited by plaintiff and are convinced that, under the evidence and the court's findings, they do not authorize reversal of the judgment.

The judgment is affirmed.