## KAHN v. ALKEK.

### No. 12630.

Court of Civil Appeals of Texas.

San Antonio.

March 10, 1954.

Rehearing Denied April 7, 1954.

Jack Kahn, Victoria, Murray, Mondin & Murray, San Antonio, for appellant.

Guittard & Henderson, Victoria, for appellee.

POPE, Justice.

This is an appeal from a summary judgment that the plaintiff's cause of action was barred by the two-year statute of limitation. This suit is an outgrowth of a former suit, styled Kahn v. Harris, Upham & Co., Tex.Civ.App., 247 S.W.2d 139. A jury in that former suit found facts against Dr. Kahn by reason of which he was held liable on a contract to purchase certain cotton contracts. On appeal to this Court, Dr. Kahn urged that the contracts were illegal, but this Court affirmed the judgment and overruled the claim of illegality because the point was neither pleaded nor developed in the trial court.

Dr. Kahn asserts by this second suit that he learned for the first time during that former trial, that his orders to sell the cotton at the market price were not followed. He asserts in his pleadings that on October 15, 1946, he directed the appellee, Albert B. Alkek, to teletype a Houston brokerage house to sell the cotton contracts at the market price. He asserted that during the course of the former trial against Harris, Upham & Company he discovered for the first time that Alkek actually sent an order to the brokerage house to sell the cotton contracts at a price above the market price, by reason of which no sale was promptly made, and the falling market resulted in a loss to Dr. Kahn. Appellant alleges in this suit that Alkek's failure to transmit the proper message was the cause of his loss, and that he did not make this discovery until he saw the teletype record on April 4, 1951.

At the summary judgment hearing, there was some showing that Dr. Kahn was told, back in 1946, by a person present in Alkek's office when he transmitted the message, that Dr. Kahn's instructions were not followed. Dr. Kahn states that nothing was then done, because he did not then believe what the witness told him. That is not urged as putting the plaintiff on such notice that limitation commenced to run. However, it would seem that one who knows the market price for cotton and who has ordered a sale, surely must be put on notice that someone sold his cotton for less than the market price when he received less than the known market price. But we do not rest our judgment on those grounds. A suit was filed on the last date before limitations barred this action, taking April 4, 1951, as the date of first notice of fraud to Dr. Kahn. The affidavits show that settlement negotiations had been in progress between the parties, and that immediately upon the filing of the suit, the original petition was withdrawn and the clerk was asked not to issue citation. The petition was not returned to the clerk until fifty-three days later. The clerk had no petition from which a citation could be issued during that time.

Article 5526, Vernon's Ann.Civ.Stats., provides that suit is barred by limitation, unless a suit is "commenced and prosecuted" within two years after the cause of action accrues. See Hannaman v. Gordon, Tex.Com.App., 261 S.W. 1006. We hold that limitations continued to run up to the time the clerk at least had the necessary documents from which to find the information essential to a citation. The cause was barred by the two-year statute of limitation. Bates v. Smith, 80 Tex. 242, 16 S.W. 47; Abercrombie Co. v. Hagen, Tex.Civ. App., 238 S.W.2d 238; Higginbotham Bros. & Co. v. Callaway, Tex.Civ.App., 170 S.W.2d 333; 28 Tex.Jur., Limitation of Actions, § 102.

The judgment is affirmed.