WHEELER v. WILLIS et ux.

No. 5104.

Court of Civil Appeals of Texas. Amarillo.

Jan. 22, 1940.

Rehearing Denied March 11, 1940.

A. A. Lumpkin, of Amarillo, for appellant.

Hugh Anderson, of Lubbock, for appellees.

JACKSON, Chief Justice.

The appellant, H. N. Wheeler, instituted this suit in the District Court of Potter County, Texas, against the appellees, J. T. Willis and his wife, Betty Lucille Willis, to recover the sum of $1,762.50, together with interest and attorneys' fees, evidenced by three notes each dated August 1, 1937 executed by appellees and payable to appellant in one, two and three years after date, respectively. The notes provide for interest on the principal at the rate of 7% per annum, payable annually and contain the usual attorneys' fee clause.

The appellant prayed for the foreclosure of an alleged lien of even date with the notes given by appellees to secure the payment thereof on Section 12, Block 2-Z, in Randall County, Texas, under the terms of which appellant was authorized on default in the payment of either principal or interest on the notes to mature at his option the entire debt, all of which was properly alleged.

The appellees answered by general demurrer, general denial and specially alleged that in March, 1936 appellant advised appellees of having for sale Section 12, Block 2-Z, in Randall County; that he would assist them in obtaining a loan from the Federal Land Bank at Houston for a sufficient sum to pay the consideration therefor; that after some negotiations it was agreed that appellant would procure a deed from F. A. DeKay, the owner, conveying the section to himself; that he would then deed it to appellees, and the application to the Federal Land Bank at Houston for the loan would be made in their name; that appellees would borrow the largest amount available on the land provided the sum was not in excess of $17 per acre and the proceeds of the loan obtained would be applied first to the payment of Mr. DeKay, and if appellees would convey to appellant the house and lot they owned in Sunray in Moore County, Texas, he would accept the balance of the money obtained on the loan for his interest or equity in said section of land.

The appellees set up the acquisition of the section from Mr. DeKay by appellant, the conveyance of the section by appellant to appellees, the application for the loan, the amount applied for, the sum for which the loan was approved, the amount obtained, the payment of the DeKay notes out of the proceeds thereof; that the net balance of the loan after satisfying the DeKay notes, $3,425, was insufficient to pay in full the $5,440 note of appellant; the acceptance of the $3,425 in payment of his note, the release of the lien securing the same and the execution of the $1,762.50 note to appellant on August 8, 1936 which appellees say was for the balance not paid to appellant out of the loan secured for which reason they assert the transaction was illegal, the note and deed of trust void and unenforceable under the Emergency Farm Mortgage Act passed by the Congress of the United States in 1933, 48 Stat. 41; that on August 1, 1937, when said note became due, appellees were unable to pay it but the debt was renewed and extended by the execution of the three notes sued on.

Under this record the defenses of fraud and failure of consideration alleged by appellees were abandoned by them.

The appellant, in a supplemental petition, denied the alleged facts upon which appellees asserted the illegality of the notes and deed of trust and pleaded other loans he had made to appellees which he claims amounted to the $1,762.50, evidenced by the note of date August 8, 1936, and that said sums comprised no part of the unpaid balance of his $5,440 note.

In response to issue No. 1 submitted by the court, the jury found, in effect, that the entire consideration for the $1,762.50 note, dated August 8, 1936, was the renewal and extension of a part of the $5,440 vendor's

lien note executed by appellees to appellant as a part of the consideration for said section of land.

Upon this finding judgment was rendered and entered that appellant, H. N. Wheeler, take nothing by his suit; that all the notes evidencing this indebtedness be cancelled and the liens asserted on the section to secure the payment thereof be cancelled and held for naught.

The appellant presents this appeal from the judgment and assails the action of the court in failing to direct a verdict in his behalf as requested and in refusing to sustain his motion for a judgment non obstante veredicto because he contends the testimony is wholly insufficient to sustain the finding of the jury and the judgment of the court.

■ It is apparently settled that if the note for $1,762.50 dated August 8, 1936 was, as determined by the jury, given to renew and extend a portion of the vendor's lien note executed by appellees to appellant for the sum of $5,440 in part consideration for the land, such note and the deed of trust given to secure the payment thereof are void and unenforceable. McCrory et al. v. Smeltzer et ux., Tex.Com.App., 124 S.W.2d 336; Briley v. Oldham, Tex.Com. App., 124 S.W.2d 854.

The appellant had the land listed for sale at $12 per acre. It is conceded that the notes sued on were given to renew the note of $1,762.50 dated August 8, 1936. The record shows without controversy that appellant on April 29, 1936 acquired by proper deed from F. A. DeKay, the owner thereof, Section 12, in Block 2-Z, Randall County, Texas, for the consideration of $7,-680, or $12 per acre; that the deed recited that the consideration was paid $1,920 in cash and two vendor's lien notes of even date with the deed aggregating the sum of $5,760. The section was school land and the record shows that the total consideration of $7,680 included the amount due the State and that in the settlement appellant retained $640 out of the cash payment to obtain a patent to the land; that on the same day appellant, joined by his wife, conveyed to appellee said section of land for the consideration of $10 in cash and the assumption by appellees of the payment of the two notes given by appellant to Mr. DeKay and the execution and delivery by appellees to appellant of one vendor's lien note for the sum of $5,440, payable in four

months after date; that on May 14, 1936 the appellees deeded to appellant their home, Lot 12, in Block 30, in the town of Sunray, Moore County, Texas; that after appellees obtained the deed to Section 12, they, assisted by appellant, made application to the Federal Land Bank of Houston for a loan in the sum of $11,200, or $17.50 per acre; that this application was approved for only $9,500, of which amount the bank advanced $6,300 and the Land Bank Commissioner advanced $3,200; that this arrangement was satisfactory to appellant and out of the proceeds of the consummated loan the notes payable to Mr. DeKay were satisfied and the net balance of the loan, $3,425, was paid to appellant on his $5,440 vendor's lien note; that appellant agreed in writing to accept in complete settlement of his note for $5,440 and the interest thereon said sum of $3,425, and released his debt and lien fully, completely and irrevocably and agreed not to acquire or accept directly or indirectly any payment, renewal, extension or other evidence of indebtedness from the appellees for any portion of the above described $5,440 note. It is also in the record without dispute that appellees, in August, 1936, gave the appellant a note for $1,762.50, payable on or before August 1, 1937.

Mr. Willis testified that the appellant informed him how to make the application for the loan, the amount to apply for, advised him of the procedure to follow and the papers to execute; that he gave appellant the $1,762.50 note to take care of the difference in the amount appellant received out of the proceeds of the loan and the $5,440 note and he was required to sign the note and the deed of trust before appellant would accept the payment of $3,425 in satisfaction of his $5,440 note and release the lien; that the $640 paid appellees by appellant for plowing and the $640 paid by appellant to have the land patented, together with the other items which appellant claimed to aggregate $1,762.50, the face of the note, were all included in the $5,440 note and that at the time of the execution of the note for $1,762.50 the appellees were not indebted to appellant in any sum save and except the balance of the $5,440 note not paid out of the proceeds of the loan secured from the bank.

This testimony in many particulars is controverted by the testimony of appellant, however, the jury determined this fact issue against him.

145

■ In McLaughlin v. Horn-Allen Co., Tex.Civ.App., 76 S.W.2d 226, 227, it is said: "The court is not authorized to direct a verdict, 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' Jackson v. Langford (Tex.Civ.App.) 60 S.W.2d 265." See also Gross v. Shell Pipe Line Corp., Tex.Civ.App., 48 S.W.2d 377, 378; Jones et al. v. Jones, Tex.Civ.App., 41 S. W.2d 496.

■ When the controverting testimony is discarded and credit given to the evidence of appellee and the legitimate conclusions favorable to him indulged, the finding of the jury finds sufficient support in the testimony and the court was not authorized to direct a verdict in appellant's behalf or grant his motion for judgment non obstante veredicto.

The judgment is affirmed.