**ELLWOOD et al. v. LANCASTER.**

**No. 5367.**

Court of Civil Appeals of Texas. Amarillo.

Dec. 8, 1941.

Rehearing Denied Jan. 19, 1942.

Randal & Kilpatrick, of Lubbock, for appellant.

Vickers & Campbell and Elkins & Elkins, all of Lubbock, for appellee.

JACKSON, Chief Justice.

The plaintiff, E. P. Ellwood, individually, as sole surviving trustee and independent executor of the estate of I. L. Ellwood, deceased, instituted this suit in the District Court of Lubbock County against the defendant, R. N. Lancaster, on 11 promissory notes dated June 26, 1934 and payable to the estate of I. L. Ellwood. Note No. 1 was for $515 due December 1, 1934 on which had been paid $240.39, and 10 notes each for the sum of $212 payable one on December 1, 1935 and one on December 1st each year thereafter until said notes were fully paid.

The plaintiff alleged he was the owner of the notes; that each of said notes provided for interest at the rate of 6% per annum and 10% attorney's fees if placed in the hands of an attorney for collection; that defendant had defaulted and the prayer was for judgment for the principal, interest, attorney's fees and costs of suit.

The defendant urged a special exception to plaintiff's right to recover on the note for $515 due December 1, 1934 and one note for $212 due December 1, 1935 because said notes were barred by the statute of four

year limitation. Article 5527, Vernon's Annotated Civil Statutes of Texas. He pleaded as a defense that in 1924 he purchased from plaintiff the West Half of Section 32, Block 1 in Lamb County, Texas, and executed in part payment therefor certain vendor's lien notes; that in 1934 at the request and with the assistance of plaintiff he applied to the Federal Land Bank and the Land Bank Commissioner of Houston, Texas, for, and obtained a loan for $6,400 which plaintiff agreed and contracted with said bank and the bank commissioner to accept in full payment of the vendor's lien notes he held against the defendant; that the notes sued upon were given for the difference between the amount of the loan advanced by the banking commissioner and the amount of defendant's debt to plaintiff evidenced by the notes and certain delinquent taxes; that the notes sued on were illegal, contrary to public policy and in violation of the provisions of the Emergency Farm Mortgage Act, 48 Stat. 41, and the amendments thereto and by cross-action sought a decree cancelling such notes.

The court on the admission of plaintiff that Note No. 1 for $515 due December 1, 1934 and the note for $212 due December 1, 1935 were barred by limitation as urged by defendant, sustained the exception urging the four year statute of limitation to said notes and they were thereby eliminated as a ground of recovery. This $515 note was for taxes paid by plaintiff.

The case was tried before the court without the intervention of a jury and judgment rendered that plaintiff take nothing by his suit and that defendant recover on his cross-action for the cancellation of the notes sued on.

The record shows that on December 8, 1924 the plaintiff sold and conveyed to the defendant the half section of land above described for a consideration of $12,405. The defendant paid the sum of $1,654 in cash and executed and delivered vendor's lien notes for $10,751 which constituted the balance of the consideration he was to pay for the land.

In 1934 the plaintiff induced the defendant who was in default to apply for a loan through the Federal Land Bank of Houston and the Land Bank Commissioner to take up and extend the indebtedness evidenced by the vendor's lien notes executed to plaintiff by the defendant, the balance of which was approximately $10,600. Defendant with the assistance of the plaintiff secured a loan from the bank and the bank commissioner for the sum of $6,400. On June 21, 1934 the plaintiff advised the defendant by letter that:

"After thorough investigation, we finally decided to accept the offer made by the Federal Land Bank on your land on the following basis.

"The Taxes are delinquent for the county and state and if paid during this month would be $161.79 including penalty. The school taxes if paid this month would be $348.20, making a total of $509.99 in taxes. When you were here in the spring you stated you could possibly pay the taxes and we hope you are in position to do so.

"Our requirement is that the taxes be paid and the difference between the net amount of the loan and the amount of the indebtedness be divided. Following is a statement of the indebtedness and loan:

| | |
|---|---|
| Principal and interest | $10,651.26 |
| Loan will net | 6,400.00 |
| | $ 4,251.26 |

1/2 which we ask you to pay over period of 6 to 8 yrs. 2,125.63

"You can see from the above that we are making a discount of the same amount."

The Federal Land Bank and the bank commissioner paid to the plaintiff $6,400, the amount of the loan secured by the defendant and on August 31, 1934, by a proper written transfer, the plaintiff sold and delivered to the bank and the bank commissioner, acting under part 3 of the Emergency Farm Mortgage Act of 1933, 12 U.S.C.A. §§ 1016–1019, all the notes they held on the land against the defendant and accepted the amount thereof in payment for such notes. In the transfer and assignment executed by the plaintiff to the Federal Land Bank of Houston the plaintiff agreed that: " * * * for and in consideration of the sum of $6,405.00 in hand paid by the Federal Land Bank of Houston, and the Land Bank Commissioner, acting under Part 3 of the Emergency Farm Mortgage Act of 1933, the receipt of which is hereby acknowledged, has this day bargained, sold and conveyed, and by these presents do bargain, sell, convey and assign without recourse, unto said Bank and the Land Bank Commissioner, the unpaid balance of $6,405.00, principal and interest, owing on that certain series of * * * notes" (giving a full description thereof).

Plaintiff further agreed that: "As part of the consideration for the execution of

this instrument grantor warrants to said The Federal Land Bank of Houston and Land Bank Commissioner acting as aforesaid that any unpaid portion of the debt and lien hereinbefore described which is not hereby specifically transferred is hereby fully, completely and irrevocably released, and grantor has not and will not require or accept directly or indirectly any payment, renewal, extension or any other evidence of indebtedness for the unpaid portion of said debt."

The record discloses without controversy that the plaintiff required the execution of the notes sued on by the defendant; that such notes represented one-half of the difference between the loan obtained and the principal, interest and taxes claimed by the plaintiff; that such demand and acceptance of these notes was in affirmative violation of the agreement in the transfer that any unpaid portion of the debt transferred was thereby fully, completely and irrevocably released and plaintiff would not and will not require or accept directly or indirectly any payment, renewal, extension or any other evidence of indebtedness for the unpaid portion of said debt.

In McCrory et al. v. Smeltzer et ux., 132 Tex. 383, 124 S.W.2d 336, 337, the Supreme Court in speaking of the transfer and assignment, said: "Among other things it recited that in consideration of the sum of $4,103.58 paid by the Land Bank Commissioner, acting in pursuance to Part 3 of the Emergency Farm Mortgage Act of 1933, 12 U.S.C.A. §§ 1016–1019, they (McCrory and Lathem) sold and conveyed the unpaid balance of $4,103.58, principal and interest owing on the series of vendor's lien notes previously executed by Smeltzer in part payment for the land mentioned. The instrument further transferred and assigned the lien and all right, title and interest which McCrory and Lathem had in and to said land by virtue of said notes. It contained the following paragraph: 'Any and all portion of said above described notes which is not hereby assigned has been fully paid and the lien securing payment thereof is hereby released.' "

In our opinion the law is settled that the transaction between plaintiff and defendant evidenced by the notes sued on in this case is illegal, invalid and unenforceable and the court correctly so held. Without entering into a discussion of the law, the reason therefor or the interpretation thereof, we content ourselves with the holdings of the courts in the following cases: McCrory et al. v. Smeltzer et ux., supra; Wheeler v. Willis et ux., Tex.Civ.App., 138 S.W.2d 142; Payne v. Miller, Tex.Civ.App., 153 S.W.2d 514; Briley v. Oldham, 132 Tex. 550, 124 S.W.2d 854; Oldham v. Briley, Tex.Civ. App., 118 S.W.2d 797.

The judgment is affirmed.