**HAYDEN et al. v. LOWE et al.**

No. 15241.

Court of Civil Appeals of Texas.
Fort Worth.

April 20, 1951.

Rehearing Denied May 18, 1951.

Leslie Jackson and Austin S. Dodd, Dallas, for appellants.

Townsend & Townsend, Dallas, for appellees.

HALL, Justice.

In 1939, appellees, Myrtle Weaver Lowe, a widow, and Lula Weaver, a feme sole, inherited approximately 300 acres of land situated in Young County, Texas, out of the T. P. & L. Co. Survey, Cert. No. 200, Abstract No. 557, at which time same was encumbered with a first lien in the sum of $4,000 to Southwestern Life Insurance Company, and with a second lien in the approximate sum of $2,300 in favor of appellant, Mrs. Ida L. Reeves, a widow.

Appellees, in the year 1940, applied to the Federal Land Bank and Land Bank Commissioner for a loan to consume the above indebtednesses. The Federal Land Bank agreed to a loan of $6,400; said amount was accepted by appellees and the two lien holders, which action decreased the amount of cash received by appellant for her note and lien to the sum of $1,775.60. Appellees in return executed to appellant Reeves a note and deed of trust against said property in the sum of $694.93 to cover the difference of the then indebtedness owing to appellant and the amount of cash which she received from the Federal Land Bank. This last note and lien were renewed twice, the last time amounting to the sum of $1,000. Appellants testified that $82.00 of said $1,000 note represented money advanced to appellees when it was renewed.

Appellees sue appellants in this cause to cancel said note and deed of trust upon the ground that said written instruments are void and unenforceable because they contravene the Federal Emergency Farm Mortgage Act of 1933, 12 U.S.C.A. §§ 1016 and 1019.

Trial was to a district court of Dallas County without a jury, which rendered judgment for appellees cancelling said note; granting appellant Reeves judgment in the sum of $111.45, which represented the advancement, supra, of $82.50, plus

interest and attorney's fees, less court costs advanced by appellees in the sum of $25.00, and denied appellant relief upon her cross action.

One A. A. Hayden was made party defendant because he was trustee and attorney in fact for appellant.

All of the above stated facts are undisputed. In the instrument transferring appellant's note and lien to the Federal Land Bank, there is noted the following: "That portion of the hereinbefore described notes which is not assigned hereby has been fully paid and the lien securing the same is hereby released."

The following pertaining to the consideration for said $1,000 note is set out in the deed of trust: "Said note is given in renewal and extension of that certain note described in that certain deed from grantors herein to A. A. Hayden, trustee dated July 10, 1941 * * * which said note itself was given by Miss Hugh Weaver to Mrs. Ida L. Reeves and subsequently assigned to the Federal Land Bank and the Land Bank Commissioner about the time said Land Bank and Commissioner made a loan to the grantors herein, a part of the proceeds of said Bank Loan having been paid over to the said Mrs. Ida L. Reeves, per agreement of the parties at the time of making the said loan and it is the intention of the grantors herein to reserve all rights and defenses to the renewal note aforesaid they or either of them had or may have had to said original note, balance or renewal or renewals thereof, none of which are waived."

 We find the parties, by their actions, intended to carry forward and keep alive a part of the original indebtedness. Such an agreement has been held many times to be repugnant and contrary to the purpose intended to be conveyed through the Federal Emergency Farm Mortgage Act, supra, which purpose was to relieve farmers in distress of their heavy debts and to scale them down. A holding of our Supreme Court is that where a lien creditor participates in the proceeds of a loan granted under said Act and signs a release similar to the one in question here, declaring that the debt described in the release had been fully paid, such creditor cannot secretly take a new note for the unpaid portion of the debt. McCrory v. Smeltzer, 132 Tex. 383, 124 S.W.2d 336; Payne v. Miller, Tex.Civ.App., 153 S.W.2d 514; Boone v. Pierce, Tex.Civ.App., 218 S.W.2d 347, writ refused.

Appellants rely upon a holding in the case of Briley v. Oldham, 132 Tex. 550, 124 S.W.2d 854, in support of their right to enforce this lien and note against appellees. A study of this case reveals that the purchaser of the land assumed the note in question as part of the purchase price, thereby making same valid under another theory of our law.

Finding no error, judgment of the trial court is affirmed.