**J. Y. SULLIVAN et al., appellants,**

**v.**

**Stanley DUBIS, d/b/a Modern Construction Co., et al., appellees.**

**No. 12744.**

Court of Civil Appeals of Texas.

Galveston.

July 29, 1954.

Rehearing Denied Oct. 7, 1954.

Willett Wilson, Houston, for appellant.

Bernard Kay, Allan H. Kottwitz, Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 55th District Court of Harris County, Honorable Ewing Boyd sitting as judge without a jury, declaring in substantial substance that the principal appellee herein, Stanley Dubis, d/b/a Modern Construction Co., was entitled to a total judgment against the appellants herein of $9,793.51, out of which total the other appellees here, intervenors below, as subcontractors and material furnishers, were entitled to participation therein in these respective amounts: Intervenor Manor Lumber Company in the sum of $3,344.56; Intervenor Alfred Heyl, d/b/a Heyl Electric, in the sum of $784; Intervenor Herman B. McLemore, d/b/a McLemore Plumbing Company, in the sum of $426.25.

Such overriding total judgment had been decreed by the court in favor of the appellee, Stanley Dubis, d/b/a Modern Construction Co., under a mechanic's lien contract he had entered into September 22, 1952, with appellants, J. Y. Sullivan and wife and Eugene R. Anderson and wife, whereby appellee, as contractor, was to repair fire damage which had occurred on property belonging to the appellants, to-wit: Lots 9 and 10 in Block 2 of Airport Place, an addition to the City of Houston, Texas.

The trial court did not file findings-of-fact, or conclusions-of-law, in support of its judgment, although this notation was appended at the end thereof: "Notice of Request noted–/s/ Ewing Boyd, Judge."

Appellants present these points-of-error against the judgment so rendered below:

1. "The court should not have granted a foreclosure of the mechanic's lien because the mechanic's lien contract was not a valid contract, not being executed by competent parties, and no statutory lien

was created thereby on the homestead property of J. Y. Sullivan and wife, Gertrude Mae Sullivan."

2. "The court should have construed and considered together all of the written instruments whereby this building repair contract between the purported contractor and the Sullivans was consummated to determine the intention of the parties, and so considering them should have found that no money was to be paid contractor until completion of work."

3. "The court should have permitted the typewritten words in the instrument dated August 19, 1952, to control over the printed words in the mechanic's lien contract dated September 22, 1952, in determining the intention of the parties, and denied any recovery until repairs were completed according to the contract."

4. "The Defendant owners were within their legal rights in stopping the contractor before expiration of the extended performance time where he continued to violate the good workmanship provisions of the contract and the City Building Code."

5. "The court should not have granted the contractor any recovery for partial performance of repairs under the mechanic's lien contract, because the property was homestead, and there was not substantial performance."

6. "The court should not have given a judgment for Plaintiff against Defendants in the definite amount of $8,100.00 plus 10% interest from December 31, 1952, to date of the judgment, plus 10% attorney's fees, because said definite amount of $8,100.00 is not supported by the evidence."

7. "The court erred in including in the judgment of foreclosure of the mechanic's lien on the homestead property the 10% attorney's fees provided in the note."

None of these presentments, it is determined, should be sustained. In the first place they each and all contain either the assertion of or the assumption of the existence of a matter of fact which the presumptions of law arising from the record compel this Court to find adversely to them.

The subject matter of the suit was a building belonging to the appellants Sullivan and wife, which had been seriously burned by fire and which they had employed the appellee to repair and reconstruct under the usual written contracts employed in such matters between the parties, including a mechanic's lien contract, a deed of trust lien contract, and a $9,000 promissory note, etc., as security, the mechanic's lien and a deed of trust having been executed specifically to secure the payment of such $9,000 note. There were also written contracts covering the specifications of such work and an extension agreement.

The record comes here accompanied by a voluminous Statement of Facts, which is supplemented by a number of exhibits, all of which, upon their faces, appear to have been duly before the trial court and to have been as duly made a part of this record upon the appeal.

The appellee Stanley Dubis, d/b/a Modern Construction Co., based his suit against the appellants upon his averments that he had proceeded with the construction of the repairs upon the building, in accordance with the agreements referred to, and that he had faithfully worked upon the job himself and had hired help over a period of three months, and had received materials and services from the intervenors herein, as subcontractors under him on the job, in the amounts of the apportionments so made to those parties in the court's recited judgment; that the appellants herein threw "this appellee Dubis off of the job, and refused him permission to go forward with the work prior to the termination of the time extended to him for completing the work by agreement of the parties. That no money was received by appellee, or any of the intervenors, from the appellants for the work done and material furnished."

■ Wherefore, under the given state of this record, it is plain that appellants' contention that the mechanic's lien contract between the parties was not a valid contract, and that the property was the homestead of appellants Sullivan and wife, cannot stand, against the presumption-of-law that the trial court found both those facts adversely to the appellants. See Boone v. Pierce, Tex.Civ.App., 218 S.W.2d 347; and 41B Tex.Jur., page 840, Sec. 605, Footnote 17, and cited authorities.

In the second place, it is likewise to be assumed, on appeal, that the learned trial court did consider and construe together all the written instruments involved in the rebuilding contract here under review, and, therefore, to have correctly determined the money so awarded the appellee in the judgment, notwithstanding the fact that he had been refused the right by the appellants to complete it, since they had wrongfully ejected him from the building, and refused to let him go back.

■■ Furthermore, it would seem that the court's decree, giving the appellee the full amount due under the contract, less such sum as would be reasonably necessary to complete the improvements, as provided for in the contract and its specifications, was likewise correct. This specific matter was provided for in the contract, and the law on the subject seems to be thus stated in 7 Tex.Jur., at page 558, as follows: "A contractor may sue on the contract though he has only partially performed his undertaking, where full performance is prevented by the wrongful act of the owner, or where the owner is guilty of a breach which justifies the contractor in refusing further performance, or where the contract provides that if the work is not completed the contractor shall be entitled to the contract price less such amount as may be reasonably necessary to complete the building according to the plans and specifications."

■ Finally, it must be assumed—under the state of this record and the law applying thereto—that the trial court found all issuable facts raised by the evidence in such manner as sustained the judgment it rendered.

Wherefore, that determination will be adhered to.

The judgment is affirmed.