Fred **HERRON** et ux., Appellants,

v.

H. L. **LACKEY**, Appellee.

No. 7788.

Court of Civil Appeals of Texas, Beaumont.

Feb. 24, 1977.

Rehearing Denied March 24, 1977.

Glen L. Kirby, Kountze, for appellants.

L. Roger Ratliff, Silsbee, for appellee.

STEPHENSON, Justice.

Plaintiffs, Fred Herron and wife, Ruby, as owners, filed this suit against defendant, H. L. Lackey, as contractor for breach of a contract to build their home. Defendant filed a cross-action against plaintiffs for the balance due on the contract and for other relief. Trial was by jury and judgment was rendered upon part of the issues and disregarding part of the issues. Neither party was satisfied and both have appealed. The parties will be referred to here as they were in the trial court.

These parties entered into a written contract for the construction of a home, and plaintiffs also executed a note in the amount of $48,200 together with a Mechanics and Materialman's Lien to secure its payment. Defendant assigned the note and lien to a Silsbee bank which advanced him $38,000 as the work progressed. The parties fell into general disagreement, and the contract was not completed. When the bank was not paid, it posted notices to sell the property involved. Plaintiffs paid the bank $40,957.06; and it reassigned to them their note together with defendants' individual notes which he had given the bank as he drew money. The defendant filed a lien, and plaintiffs filed this suit.

### Jury Findings

The jury made the following findings in substance:

1. $7,783 was the amount of money reasonably necessary to complete the improvements in substantial compliance with the plans and specifications.

2. Defendant failed to construct in a good and workmanlike manner any of the improvements on the home in question.

3. Such failure caused plaintiffs to be damaged in the sum of $375.

4. Defendant's failure to complete the improvements directly resulted from the acts or omissions on the part of defendant, his employees or sub-contractors.

5. Defendant's failure to complete the improvement on time damaged plaintiffs in the sum of $3,000.

6. Defendant's failure to complete the improvement directly resulted from extra work and material requested by plaintiffs and plaintiffs' unduly and unreasonably interfering with plaintiffs' work.

7. The acts and omission by plaintiffs resulted in added and extra expense to defendant.

8. $2,400 would fairly and reasonably compensate defendant for such added and extra general expense.

9. $3,800 would fairly and reasonably compensate defendant for extra work and material provided by defendant at plaintiffs' request.

10. $7,500 was a reasonable attorney's fee for plaintiffs' attorney for services rendered in this case.

### Judgment

The judgment provided for defendant to recover $6,597.36 from plaintiffs with interest at the rate of 6 percent from the date of the judgment until paid.

Such judgment recited that $6,972.36 was for labor and material furnished by defendant to plaintiffs, after deducting $375 for damages to plaintiffs as found by the jury for defendant's unworkmanlike construction.

Such judgment also provided that plaintiffs should not recover the damages found by jury because defendant did not complete the improvements on time because the jury also found such delay was caused by plaintiffs.

The court denied any recovery for defendant's attorneys' fee and divided the cost one-half to each party.

### Opinion

As stated above, both parties have appealed this case even though it is apparent that each was successful as to part of the relief sought. The plaintiffs have twenty-eight points of error, and defendant has what he has designated as ten counter-points and one cross-point.

Plaintiffs' first points of error are that the trial court erred in rendering judgment for defendant for a balance of the contract note because defendant had assigned the note to the bank and had not redeemed it. It is also argued that plaintiffs were the owners and holders of the note by assignment from the bank.

This court finds nothing to indicate the trial court was rendering judgment upon the note but, on the contrary, was rendering judgment upon the contract itself. Defendant had agreed to build the house for which plaintiffs agreed to pay $48,200. The jury found it would take $7,783 to complete the house, leaving the balance due on the contract. The note in question was merely evidence of the amount due under the contract so that, together with the lien, interim financing could be obtained.

Defendant's cross-action was on the contract to recover the balance due, and it was not error for the trial court to render judgment on such contract. *Kleiner v. Eubank*, 358 S.W.2d 902 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e); *Sullivan v. Dubis*, 271 S.W.2d 316 (Tex.Civ.App.—Galveston 1954, writ ref'd n.r.e); *Hahl v. Deutsch*, 42 Tex.Civ.App. 1, 94 S.W. 443 (Houston 1906, no writ); 13 Tex.Jur.2d 552, *Contracts* § 303 (1960); 17A C.J.S. *Contracts* §§ 511, 828, et seq. (1963).

Plaintiffs' next point of error, in effect, is that there was no evidence to support the jury finding of $7,783 as to the reasonable cost of completion because defendant had judicially admitted the cost to be $8,033. It is noted that this is a difference of exactly $250.

This case has been extremely hard fought, as evidenced by the five volumes of statement of facts. Involved in the argument about this point of error is the question as to whether $250.22 for fluorescent fixtures and electric chimes are extras or to be included in the $500 allowed for electric fixtures.

It is contended by plaintiffs that in view of deposition testimony, a request for admission directed to defendant should be deemed admitted under Tex.R.Civ.P. 169.

The deposition referred to is not a part of the record before this court.

■ Plaintiffs in their pleading claimed the reasonable cost of completion to be $15,500. They offered in evidence the fact that they paid $14,373.82 to Floyd Cooper to complete the house. The amount found by the jury is the one contended for by defendant. The trial court did not deem the request to be admitted and that action is not made a point of error before this court. There is evidence to support the jury finding, and the point is overruled.

Plaintiffs' next point of error is that the trial court erred in not allowing them to recover the $3,000 in damages which the jury found because defendant did not complete the contract on time.

■ As shown above as Finding 4, the jury first found that defendant's failure to complete the improvements directly resulted from acts or omissions on the part of defendant and/or his employees and/or subcontractors. Also, as shown above as Finding 6, the jury found defendant's failure to complete the improvements directly resulted from extra work and materials requested by plaintiffs, and they unduly and unreasonably interfered with defendant during the course of construction. The jury findings that the failure to complete the improvements directly resulted from the acts or omissions of both the defendant and plaintiffs could not serve as a basis for plaintiffs to recover damages. The point is overruled.

■ Plaintiffs have an alternative point of error that the trial court erred in overruling their amended motion for new trial because of the irreconcilable conflict in the two jury findings mentioned above. Neither of these issues asked whether the acts or omissions of either party was the sole cause of the failure to complete the improvements. The jury apparently felt that such failure was caused by both parties. The situation is similar to one in which there is more than one proximate cause of an incident. The point is overruled.

There is a cluster of points of error as to the method of submitting the damage issues as to plaintiffs' actions. The use of the word "extra" in two of the issues might at first blush appear to be submitting the same element of damage in both issues. However, the definitions adequately take care of this problem. The complaint that such issues are duplicitous and constitute a global submission is answered by the amendment to Tex.R.Civ.P. 277 which became effective September 1, 1973. That rule now permits the submission of broad issues and provides that it shall not be objectionable that a question is general or includes a combination of elements or issues. These points of error are overruled.

■ After the bank had posted notice of a trustee's sale, as mentioned earlier in this opinion, defendant executed a "Lien Claim and Affidavit" and filed it in the Mechanic's and Materialman's Records in the office of the County Clerk of Hardin County. Plaintiffs alleged such action by defendant constituted a tortious wrong for which they were entitled to damages. Plaintiffs contend here that the trial court erred in refusing to submit a series of issues asking if the lien affidavit and claim was false and if plaintiffs had been damaged thereby. Plaintiffs had alleged and offered evidence to show that they could not obtain financing on their house after such affidavit and claim was filed. Such affidavit and claim states it is in the amount of $58,149.51, including $9,949.51 for "extras", and that it is for furnished labor and materials and "extras" according to a list attached to it. This point is overruled.

■ The undisputed evidence shows defendant was entitled to recover some balance under the original contract, and some amount of money for the "extras" provided. Under the law prevailing in this state, if the original contract price had been paid in full, defendant could perfect a lien for "extras". See *Rice v. Brown*, 296 S.W. 495 (Tex.Comm'n App. 1927, opinion adopted). The judgment entered by the trial court demonstrates that defendant had some amount of money due him. There is no

evidence in this record that it was the amount of money shown in the affidavit and claim that prevented plaintiffs from being able to refinance their home, but only the fact that there was a lien.

This court has carefully considered plaintiffs' remaining point of error and defendant's cross-point, and, finding no merit to them, they are overruled.

■■■ We have made a careful review of the record before us and have been unable to determine how the trial court arrived at the amount of money granted to defendant in such judgment. We conclude that it was error for the trial court to enter the judgment before us upon the state of the jury findings and remaining portion of the record. This Court of Civil Appeals has the power to render the judgment which it deems should have been rendered by the trial court where it appears on the face of the record that modification in the judgment should be made and justice of the case requires it. *Carter v. Barclay*, 476 S.W.2d 909 (Tex.Civ.App.—Amarillo 1972, no writ); *Wofford v. Miller*, 381 S.W.2d 640 (Tex.Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.). We proceed to render the judgment which should have been rendered by the trial court.

Judgment is rendered for defendant in the amount of $5,785. That amount was arrived at as follows: The contract price was $48,200 from which defendant received $38,000 as draws from the bank, which left a balance due defendant, under the contract, of $10,200; less $7,783 which the jury found to be the reasonable cost of completing the home and less $375 which the jury found to be plaintiffs' damage because the work was not done in a workmanlike manner, leaving a balance due defendant of $2,042; plus $6,200, which was the total amount of damages the jury found defendant was entitled to because of interference and extras, making a total of $8,242; less $2,457, which was the amount paid by plaintiffs to the bank above the $38,000 in order to prevent a foreclosure, leaving a balance of $5,785. Such amount to draw interest at the rate of nine percent per annum from the date this opinion is handed down. All other relief by either party is denied, and all other points of error, counterpoints and cross-points are overruled. All cost in the trial court and in this court are divided one-half to plaintiffs and one-half to defendant.

The judgment of the trial court is reformed as above set forth and as reformed is affirmed.

REFORMED and AFFIRMED.