FEDERAL DEPOSIT INSURANCE CORPORATION LIQUIDATORS OF NORTHEAST BANK, Appellant,

v.

Thomas M. MANNING, Appellee.

No. A2458.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 15, 1980.

Walter Clay Cooke, Corpus Christi, Frank L. Skillern, Gen. Counsel, Myers N. Fisher, Asst. Gen. Counsel, Washington, D. C., Jeffrey C. Gerrish, Supervising Atty., Washington, D. C., Meredith, Donnell & Edmonds, Corpus Christi, for appellant.

John W. Patrick, Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

Appellant, Federal Deposit Insurance Corporation, Liquidator of Northeast Bank (F.D.I.C.), plaintiff in the court below, sued Thomas M. Manning, appellee, on a promissory note. A portion of the unpaid balance on the note had been charged off before Northeast Bank, which held the note, was closed and placed in receivership. F.D.I.C. subsequently purchased the note, among other assets of Northeast Bank, and brought suit for the unpaid balance, including the charged–off amount. The trial to the court resulted in a judgment in favor of F.D.I.C. for the amount of the note remaining after the charge–off. F.D.I.C. appeals contending the charge–off constitutes merely a bookkeeping entry and in no way affects the maker's liability for the full outstanding amount due on the note. We reform and affirm.

On October 5, 1972, Manning executed a promissory note in the amount of $44,955.00 to finance a real estate purchase from Long Meadows Country Club. The note was assigned by Long Meadows Country Club to Northeast Bank. On December 14, 1973, in settlement of a lawsuit brought by Manning and others against both Long Meadows Country Club and Northeast Bank concerning the real estate purchase financed by Manning's note, Manning executed a second note, the subject of this suit, in the principal amount of $20,979.00 payable to Northeast Bank in renewal and extension of the first note and secured by the real estate the subject of the financing.

On June 3, 1976, Northeast Bank was closed by the State Banking Commissioner and placed in receivership. On June 7, 1976, F.D.I.C. purchased the second Manning note among other assets of Northeast Bank as a part of the process of liquidation of the Bank. At that time the amount of principal outstanding on the second Manning note was shown on the bank's book as $6,000.00. Subsequently, F.D.I.C. discovered that in February, 1976, $8,707.39 had been charged off as a result of a bank examiner's finding that that amount could no longer be considered a bankable asset. F.D.I.C. contends that such a charge–off does not extinguish the debtor's liability for the amount so charged off and that the trial court erred in allowing recovery only for the $6,000.00 listed on the asset ledger on the date of the bank closing, and not for the full amount outstanding on the note, including the amount of the charge–off.

We have found no authority directly in point on the question presented. However, Tex.Bus. & Com.Code Ann. § 3.601 and the other Code sections listed in § 3.601 clearly set forth the methods by which a party is discharged from liability on a negotiable instrument. A charge–off of a debt or a portion of a debt by order of a bank examiner for the reason that, in the bank examiner's opinion, it can no longer be considered a bankable asset does not come within any of such Code sections. That such charge–offs are made as bookkeeping entries pursuant to orders of the bank examiner and not as a determination by the bank of the worthlessness of the debt is supported both in the record and the cases of *Milford Trust Co. v. United States*, 63 F.Supp. 618 (D.Conn.1945) and *First National Bank v. United States*, 36 F.Supp. 229 (Ct.C.1941), cited by the appellant.

The undisputed evidence in the record proves conclusively that the charge–off of $8,707.39 was made by order of the bank examiner and was not intended to release Manning from liability for this portion of the unpaid balance due on the note. We, therefore, find error in the amount of the judgment of the trial court and accordingly reform that judgment so as to render judgment in the amount which appears from the face of the record should have been ren-

dered and which justice requires. *Herron v. Lackey*, 554 S.W.2d 708 (Tex.Civ.App.–Beaumont), aff'd on other grounds, 556 S.W.2d 246 (Tex.1977).

Judgment is rendered for appellant in the amount of $16,954.53 ($11,246.98 of which is principal; $4,236.81 is interest accrued to March 7, 1980, the date of the judgment in the trial court; and $1470.74 is attorney's fees), plus interest on the full amount of the judgment, $16,954.53, at the rate of ten percent per annum from the date of said trial court judgment until paid.

In view of the disposition made above, it is not necessary for this court to pass on Appellant's third point of error. The judgment of the trial court is reformed as set forth above and is affirmed as reformed.

Reformed and affirmed.